**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **KIRK STICKLEY and MARY STICKLEY, Individually and on behalf of the ESTATE OF E.R.S., a deceased minor,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:21-cv-768-JRN** |
| **Dorel JUVENILE GROUP, INC., a foreign corporation, and Dorel INDUSTRIES, INC., a foreign corporation,** | § § § | |
| **Defendants.** | § § | |

**SUTLIFF & STOUT, PLLC'S
<u>MOTION TO QUASH SUBPOENA</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Sutliff & Stout, PLLC, a non-party to this cause, and, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, files this Motion to Quash Subpoena in respect to the subpoena Defendant Dorel Juvenile Group, Inc. ("Dorel") purports to have served on it. In support, Sutliff & Stout would respectfully show as follows:

**INTRODUCTION**

On January 30, 2023, Sutliff and Stout received at its Austin office a subpoena issued to "SUTLIFF & STOUT PLLC" (the "Subpoena") by certified mail, return receipt requested. On February 3, 2023, Dorel served the same Subpoena on Graham Sutliff. Ex. 1. Mr. Sutliff, however, is not the registered agent for Sutliff & Stout, PLLC. The Subpoena seeks to compel Sutliff & Stout to provide testimony and produce documents regarding irrelevant and/or privileged communications between Sutliff & Stout and its former clients, the Stickleys, regarding the child car seat and Ford Explorer involved in the tragic loss of their daughter. For

the reasons stated below, Sutliff & Stout respectfully requests that this Court quash the Subpoena.  As discussed in Part I, Federal courts disfavor the practice of taking the deposition of an opposing party's attorney and forbid it in all but limited circumstances that are decidedly not present here.  Importantly, *Dorel has already inspected both the car seat and the Ford Explorer under its own desired protocol*.  Further, Dorel already knows that neither are available for re-inspection.  And compliance with the Subpoena would impermissibly require Sutliff & Stout to divulge protected attorney-client communications and attorney work product.  Additionally, as discussed in Part II, Dorel's Subpoena must also be quashed because Dorel failed to properly serve Sutliff & Stout, PLLC.[1]

## BACKGROUND FACTS AND DOREL'S PREVIOUS INSPECTION

Sutliff & Stout represented Plaintiffs Kirk and Mary Stickley in state-court litigation regarding the September 1, 2019 automobile collision that resulted in the tragic death of their daughter E.R.S. as well as their own injuries.  On behalf of the Stickleys, Sutliff & Stout brought suit against the estate of the at-fault driver, Stephen Neill, and Central Garage, LLC.[2]

On September 18, 2019, Mr. Sutliff sent an email to Christine Christian at Dorel informing Dorel of the September 1, 2019 collision and alerting Dorel that the car seat would be inspected soon. Ex. 2.  Mr. Sutliff's email also notified Dorel that the National Highway Traffic Safety Administration was also interested in inspecting the car seat.  *Id.*  Mr. Sutliff invited Dorel to participate in the inspection, expressly stating that Dorel was being notified and invited to participate to "ensure that we are all on the same page and to avoid any potential arguments of

---

[1] The original subpoena required compliance by February 7, 2023, an unquestionably unreasonably short time for compliance.  Counsel has since conferred with counsel for Dorel, and the subpoena was withdrawn until this motion to compel can be heard and ruled on.

[2] Cause No. CV08805, *Kirk Stickley and Mary Powers, individually and as personal representatives of the Estate of E.R.S. v. Susan Neill, as personal representative of the Estate of Stephen Neill, and Central Garage*, LLC, in the 33rd District Court of Blanco County, Texas.

spoliation down the road." *Id.*  That same day, Jonathon Judge, counsel for Dorel, responded and indicated that Dorel would like to participate in the inspection. Ex. 3.

In the days that followed, Mr. Sutliff emailed with Mr. Judge, the NHTSA inspector, Mark Gall, and others to coordinate the inspection. Ex. 4.  On behalf of Dorel, Mr. Judge agreed that the inspection could occur on October 3, 2019, and indicated that he may provide a protocol for the inspection. *Id.*  On September 24, 2019, Mr. Judge emailed Dorel's "protocol for how we propose to inspect the child restraint seat and the restraint systems in the subject vehicle." *Id.*  Further, he specified that Dorel "would like for the child restraint seat to be present with the vehicles so it can be fitted and installed into the vehicle seat(s)." *Id.*  On September 30, 2019, Mr. Sutliff agreed to Dorel's protocol and asked for an agreement that all parties share in any the videos and photographs taken at the inspection. Ex. 5.  Although Mr. Judge initially disagreed, he consented to this arrangement. *Id.*

The joint inspection of the Ford Explorer and child car seat that are the subject of Dorel's Subpoena took place on October 3, 2019.  Ex. 6.  The inspection was conducted under the protocol that Dorel prepared.  Dorel's expert, CJ Stankewich, was present and participated.  Ex. 7.  Further, Jason Prochaska, who both Plaintiffs and Defendants have designated as an expert witness, participated.  Ex. 6; Plaintiffs' and Defendants' Expert Disclosures (Dkt. Nos. 30 at 7 & 35 at 7, respectively).  Additionally, two experts from the National Highway Traffic Safety Administration participated in the inspection.  Ex. 6.

In the underlying state-court litigation, Defendant Central Garage was represented by Thompson, Coe, Cousins & Irons, L.L.P., the same firm that now represents Defendant Dorel in the case before this Court and signed the Subpoena at issue.  Notably, Thompson Coe's current client has now designated its former client, Central Garage, as a responsible third party in this

federal court litigation.   On behalf of its former client, Thompson Coe performed another inspection and photographed the car seat on December 17, 2019.  Ex. 8.  And Thompson Coe inspected the Ford Explorer on January 13, 2020.  Ex. 9.  Thompson Coe was given numerous notices regarding the Ford Explorer going to salvage—including one on January 13, 2020 (Ex. 10) and another one on February 19, 2020 (Ex. 11).

The state-court litigation ended in a final settlement in August 2020.

The Subpoena purports to require the oral deposition of "SUTLIFF & STOUT PLLC" on February 7, 2023, regarding the chain of custody, final disposition, and current whereabouts of" the Sticklys' 2012 Ford Explorer and Grow 'N Go child car seat that E.R.S. was riding when the collision occurred on September 1, 2019.  Ex. 1.  The Subpoena also orders Sutliff & Stout to produce documents and communications between itself and its then clients Kirk and Mary Stickley:

- Duces Tecum Items 1 and 2 request "All documents regarding the chain of custody, final disposition, and current whereabouts of" the car seat and Ford Explorer, respectively.

- Duces Tecum Items 3 and 4 request "All email or written communications between Sutliff & Stout PLLC and Kirk Stickley and/or Mary Stickley regarding the chain of custody, final disposition, and current whereabouts of" the car seat and Ford Explorer, respectively.

- Duces Tecum Items 5 and 6 request "Any and all documents or communications where in Kirk Stickley or Mary Stickley provided authorization, permission, consent, and/or acquiescence to dispose of" the car seat and Ford Explorer, respectively.

Ex. 1.

**ARGUMENT**

**I.      Federal courts forbid the taking of the deposition of an opposing party's attorney in all but limited circumstances not present here.**

Federal courts disfavor the practice of taking the deposition of an opposing party's attorney and forbid it in all but limited circumstances. *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999); *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999). "In order to determine when it is proper to allow opposing counsel to be deposed, the Fifth Circuit applies a three factor test that the party seeking the deposition must meet." *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, 6:07-cv-559, 2009 WL 2174925, at *2 (E.D. Tex. July 21, 2009). Taking the deposition of an opposing party's counsel is forbidden unless the party seeking the discovery can show that "(1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." *Nguyen*, 197 F.3d at 209 (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)); *Chandler v. Phoenix Services*, No. 7:19-CV-00014-O, 2020 WL 487503, at *2 (N.D. Tex. Jan. 30, 2020); *Murphy v. Adelphia Recovery Trust*, No. 3:09-mc-105-B, 2009 WL 4755368, at *2 (N.D. Tex. Nov. 3, 2009); *Davis-Lynch*, 2009 WL 2174925, at *2.

As discussed below, Dorel cannot satisfy even one of the prongs of this test, much less all three as is required.

**A.      To the extent that Dorel is entitled to the information it seeks (which it is not), other means exist to obtain the information without deposing Plaintiffs' former counsel.**

Dorel must, but cannot, show that deposing Sutliff & Stout and forcing production of its documents is the only means of obtaining the information. As explained above, Dorel and its expert have already inspected the Stickleys' Ford Explorer and child car seat. This took place on October 3, 2019, under the protocols that Dorel created. Ex. 4. As Dorel's inspection protocol

5

shows, Dorel's inspections of the car seat and the Ford were extensive.  *Id.*  Dorel thus had ample opportunity to—*and in fact did*—collect any and all relevant information from its prior inspection of the child car seat and the Stickleys' Ford Explorer.  Additionally, Thompson Coe inspected both the car seat and Ford Explorer a second time on December 17, 2019, and January 13, 2020, respectively.  Ex. 8; Ex. 9.  Questioning the Stickleys' former legal counsel regarding the chain of custody and communications with the Stickleys' will not reveal any relevant information.  And, as far as Sutliff & Stout is aware, Dorel has not attempted to obtain the testimony or items requested in its Subpoena from another source.

Further, Dorel and its counsel know that the Ford Explorer was sent to salvage.  Ex. 11. Moreover, the fact that the car seat is no longer available has already been communicated to Dorel in discovery almost a year ago.  In response to Dorel's request for production of the car seat, Plaintiffs responded as follows:

> Dorel was provided notice of the accident and afforded an opportunity to participate in an inspection of the subject Child Restraint System and all of its component parts in September 2019. Dorel agreed to an inspection protocol of the subject Child Restraint System and all of its component parts and proceeded to physically inspect the Child Restraint System. Dorel also participated in an investigation into the subject accident and Child Restraint System and all of its component parts with the National Highway Traffic Safety Administration (NHTSA). To the best of Plaintiff's knowledge, the Child Restraint was last in the possession of the Sutliff Stout law firm. Upon information and belief, it is Plaintiffs' understanding the Sutliff Stout law firm no longer has possession of the Child Restraint System.

Ex. 12 at p. 13, no. 49.

### B.      The testimony and documents Dorel's Subpoena seeks are irrelevant and/or protected by the attorney-client and work-product privileges.

The *Nguyen/Shelton* test requires that, in addition to being relevant, the information sought must not be privileged.  *Nguyen*, 197 F.3d at 209; *Shelton*, 805 F.2d at 1327.  In addition,

Rule 45(d)(3)(iii) provides that the Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Questioning the Stickleys' former legal counsel regarding the chain of custody and whereabouts of the Ford and/or car seat will not reveal any relevant information.

What Dorel's Subpoena apparently seeks, then, is not the chain of custody, but rather, is testimony and documents regarding communications between the Stickleys and their then-attorneys at Sutliff & Stout. This would impermissibly invade the attorney-client and work-product privileges. Federal Rule of Evidence 501 provides that in civil cases in which state law supplies the rule of decision, state law also governs issues regarding privilege. FED. R. EVID. 501. Texas Rule of Evidence 503 provides that "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made to facilitate the rendition of professional legal services to the client: between the client or the client's representative and the client's lawyer or the lawyer's representative." TEX. R. EVID. 503(b)(1)(A). Moreover, the client's attorney may claim the privilege on the client's behalf. TEX. R. EVID. 503(c). Additionally, Federal Rule of Civil Procedure 26(b)(3) protects attorney work product from disclosure. FED. R. CIV. P. 26(b)(3). "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."

Dorel is apparently seeking to discover attorney-client and work-product material. In fact, it expressly seeks responsive communications, if any, between Sutliff & Stout and the Stickleys. Requiring Sutliff & Stout to produce and testify regarding these communications and

documents, if any, would necessarily invade the attorney-client and attorney-work-product privileges.

**C.    The information is not crucial to the preparation of the case.**

For these same reasons, the information Dorel seeks is not crucial to Dorel's preparation of the case.  The fact that Dorel has already inspected both the car seat and the Ford Explorer should eliminate any concern that the information Dorel seeks through its Subpoena is crucial to its case.  As discussed above, Dorel designed the protocols for the inspection of both the car and subject car seat.  Ex. 4.  And Dorel sent its expert, CJ Stankewich, to participate in the inspection of the vehicle and the car seat.  Ex. 7.  Also participating in the inspection was Jason Prochaska, an expert that Dorel has designated to testify in this case.  Ex. 6.  Any data from the Stickleys' Ford has already been downloaded.

Further, the timing of Dorel's Subpoena also shows that the testimony, communications, and documents it seeks are not crucial to Dorel's defense.  According to the Court's scheduling order [Dkt. No. 20], discovery was to have been completed on or before January 31, 2023.  Yet, Dorel waited until after this deadline to "serve" its Subpoena on Sutliff & Stout.  Dorel has known that the car seat and Ford Explorer were not available to be inspected for a third time since, at the very latest, on March 9, 2022, when Plaintiffs served their responses to Dorel's requests for production.  In fact, as discussed above, Dorel and its counsel have known for far longer that the items were no longer available.  If Dorel truly believed that obtaining testimony and documents from Sutliff & Stout was "crucial" to its defense, it strains all credulity to believe that they would not have sought them long ago.

*        *        *

Dorel cannot meet even a single one of the three requirements of the *Nguyen/ Shelton* test, much less all three.  Thus, the Subpoena should be quashed.

**II.     The Subpoena must be quashed because it fails to comply with the requirements of Rule 45.**

In addition to the reasons discussed above, the Court must quash the Subpoena due to its failure to comply with the requirements of Federal Rule of Civil Procedure 45.  Specifically, the Subpoena was not properly served.

Serving a subpoena on a non-party under Rule 45 requires delivering a copy to the "named person."  FED. R. CIV. P. 45(b)(1).  "When the 'named person' being served is an entity rather than a natural person, service must be effected on the entity's registered agent."  *Great Lakes Ins., S.E. v. Gray Group Investments, LLC*, No. CV 20-2795, 2021 WL 7708048, at *5 (E.D. La. May 21, 2021); FED. R. CIV. P. 45(b)(4); *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 569, 2007 WL 2962521, at *2 (5th Cir. 2007) (not designated for publication) (holding that service of a subpoena under Rule 45 to a business entity must be effected on the person "actually authorized another to accept service of process" on the principal's); *AM RE Syndicate, Inc. v. Gen. Ins. Corp. of India*, No. 1:22-CV-01028-VEC, 2022 WL 3108817, at *3 (W.D. Tex. Aug. 4, 2022) (concluding that Rule 45 and Rule 4 require service on the entity's registered agent); *see, e.g.*, *Douglas v. Pilgrim Sr. Citizens Housing Dev. Corp.*, No. H–11–3637, 2012 WL 3277083, at *2 (S.D. Tex. Aug. 9, 2012) (Miller, J.); *WesternGeco LLC v. Ion Geophysical Corp.*, No. 09–1827, 2010 WL 2266524, at *3 (S.D. Tex. 2010) (Ellison, J.); *Fyfee v. Bumbo Ltd.*, No. 09–0301, 2009 WL 2996885, at *3 (S.D. Tex. Sept. 16, 2009) (Rosenthal, J.).  If the service is not effected on the proper person, "quashal of a subpoena is the appropriate remedy, even when there is no real dispute that the subpoenaed individual or entity received the subpoena or at least notice of it."  *In re Metal Process Int'l, L.P.*, No. M-13-036, 2013 WL 12155025, at *3 (S.D. Tex. May 13, 2013); *see In re Dennis*, 330 F.3d 696, 704-05 (5th Cir. 2003); *Harrison*

*v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (failure to personally serve the proper person "renders such service a nullity," justifying quashal).

Here, Dorel first sent the Subpoena to the Austin office of Sutliff & Stout by certified mail. This is simply inadequate under Rule 45. *Emesowum v. Zeldes*, No. SA-15-CV-831-XR, 2016 WL 3579232, at *10 (W.D. Tex. June 27, 2016), aff'd, 697 Fed. Appx. 386 (5th Cir. 2017) ("Service of a subpoena by certified mail is improper."); *Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.*, 2008 WL 4829583, *1 (E.D. La. 2008) (finding that service of subpoena for records propounded on a non-party was improper where, inter alia, subpoena was sent by certified mail and not personally served). Thus, this attempted service "failed to comply with Rule 45(b)'s personal service requirement, rendering the subpoena[] invalid." *Emesowum*, 2016 WL 3579232, at *10.

Dorel also purports to have effected service on Sutliff & Stout by personally serving Graham Sutliff. Ex. 1. But Mr. Sutliff is not the registered agent for Sutliff & Stout. As is duly recorded with and easily obtained from the Secretary of State, Sutliff & Stout's registered agent is William H. Stout. Ex. 13. Consequently, service of a subpoena naming Sutliff & Stout on Mr. Sutliff is "a nullity." Rule 45 requires that the Subpoena be quashed. *In re Dennis*, 330 F.3d at 704-05; *Harrison*, 404 F.2d at 273; *In re Metal Process*, 2013 WL 12155025, at *3.

## CONCLUSION AND PRAYER

Non-party Sutliff & Stout, PLLC respectfully requests that the Court quash Defendant Dorel Juvenile Group, Inc.'s subpoena. Sutliff & Stout, PLLC further requests any and all other and further relief to which it may be entitled.

Dated: February 7, 2023

Respectfully submitted,

_____/s/ *Lisa Hobbs*_____
Lisa Bowlin Hobbs
  State Bar No. 24026905
  Lisa@KuhnHobbs.com
KUHN HOBBS PLLC
7000 North Mopac Expy, Suite 315
Austin, Texas  78731
(512) 476-6000
(512) 476-6002 (fax)

## CERTIFICATE OF CONFERENCE

On February 6, 2023, counsel conferred by phone with William Mennucci, and Mr. Mennucci agreed to withdraw compliance with the subpoena until this motion could be heard and ruled on.

_____/s/ *Lisa Hobbs*_____

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion has been forwarded to the following counsel of record on February 7, 2023.

William L. Mennucci
THOMPSON, COE, COUSINS & IRONS, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746
bmennucci@thompsoncoe.com
(512) 708-8200 (Telephone)
(512) 708-8777 (Facsimile)
**Attorneys for Defendant Dorel Juvenile Group, Inc. and Dorel Industries, Inc.**

Jonathan Judge (pro hac vice)
Jonathan P. Dean (pro hac vice)
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
(312) 258-5500 (Telephone)
(312) 258-5600 (Facsimile)
jonathan.judge@afslaw.com
jonathan.dean@afslaw.com

Deborah J. Bullion
GASCOYNE & BULLION, P.C.
77 Sugar Creek Center Blvd., Ste. 280
Sugar Land, Texas 77478
(281) 340-7000 (Telephone)
(281) 340-7001 (Facsimile)
dbullion@gbpclaw.com
**Attorneys for Defendant Dorel Juvenile Group, Inc.**

Jeffrey T. Embry
Christopher P. Peirce
Hossley Embry LLP
515 S. Vine Ave.
Tyler, Texas 75702
jeff@hossleyembry.com
cpeirce@hossleyembry.com
**Attorneys for Plaintiffs Kirk and Mary Stickley**

_/s/ Lisa Hobbs_

01/19/2023 @ 12:56 pm

DELIVERED

01/30/23 @ 11:10 am
01/30/23 @ 1:40 pm

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| KIRK STICKLEY and MARY STICKLEY, Individually and on behalf of the ESTATE OF E.R.S., a deceased minor, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:21-cv-768-JRN |
| DOREL JUVENILE GROUP, INC., a foreign corporation , and DOREL INDUSTRIES, INC., a foreign corporation, | § § § § | |
| Defendants. | § § | |

## DEFENDANT DOREL JUVENILE GROUP, INC.'S RULE 30(b)(6) NOTICE OF ORAL AND VIDEOTAPED DEPOSITION WITH SUBPOENA DUCES TECUM OF SUTLIFF & STOUT PLLC

TO:    ALL PARTIES

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6), Dorel Juvenile Group, Inc., will take the oral deposition of SUTLIFF & STOUT PLLC, pursuant to the Topics listed in Exhibit A to this Notice, commencing at **10:00 a.m. CT** on **Tuesday, February 7, 2023** via Zoom videoconferencing.

Link:
https://veritext.zoom.us/j/89303317131?pwd=c2tzMUw0Qzk0Y2h4YVljOGxmdXZFZz09

Meeting ID: 89303317131

Password: 7dY3JnHeal

Such deposition shall continue from day to day thereafter until completed before a certified court reporter and videographer provided by Veritext, (800) 248-3290. The deposition will be taken by stenographic means. Any and all of said deposition testimony may be offered into evidence at the trial of the above-entitled and numbered cause.

**Exhibit 1**

Respectfully submitted,

THOMPSON COE COUSINS & IRONS, LLP

By: */s/ William L. Mennucci*
WILLIAM L. MENNUCCI
Texas State Bar No. 00788042
2801 Via Fortuna, Suite, 300
Austin, Texas 78746
(512) 708-8200 (Telephone)
(512) 708-8777 (Facsimile)
bmennucci@thompsoncoe.com

Jonathan Judge (*pro hac vice*)
Jonathan P. Dean (*pro hac vice*)
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
(312) 258-5500 (Telephone)
(312) 258-5600 (Facsimile)
jonathan.judge@afslaw.com
jonathan.dean@afslaw.com

Deborah J. Bullion
Texas State Bar No. 03329100
GASCOYNE & BULLION, P.C.
77 Sugar Creek Center Blvd., Ste. 280
Sugar Land, Texas 77478
(281) 340-7000 (Telephone)
(281) 340-7001 (Facsimile)
dbullion@gbpclaw.com

**ATTORNEYS FOR DEFENDANT,
DOREL JUVENILE GROUP, INC.**

2

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of January, 2023, a true and correct copy of the above and foregoing document was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure.

Jeffrey T. Embry
jeff@hossleyembry.com
Christopher P. Peirce
cpeirce@hossleyembry.com
Hossley Embry LLP
515 S. Vine Ave.
Tyler, Texas 75702


/s/ William L. Mennucci
William L. Mennucci

3

## EXHIBIT A: TOPICS FOR EXAMINATION

1. The chain of custody, final disposition, and current whereabouts of Kirk and Mary Stickley's Grow 'N Go child car seat (Model: C138-EFL; Date of Manufacture: 02/17/2017) that E.R. Stickley was riding in at the time of the Stickley's motor vehicle accident on September 1, 2019.

2. The chain of custody, final disposition, and current whereabouts of Kirk and Mary Stickley's 2012 Ford Explorer (VIN: 1FMHK7F85CGA00988) that Kirk, Mary, and E.R. Stickley were riding in at the time of their motor vehicle accident on September 1, 2019.

## SUBPOENA DUCES TECUM

1. All documents regarding the chain of custody, final disposition, and current whereabouts of Kirk and Mary Stickley's Grow 'N Go child car seat (Model: C138-EFL; Date of Manufacture: 02/17/2017) that E.R. Stickley was riding in at the time of the Stickley's motor vehicle accident on September 1, 2019.

2. All documents regarding the chain of custody, final disposition, and current whereabouts of Kirk and Mary Stickley's 2012 Ford Explorer (VIN: 1FMHK7F85CGA00988) that Kirk, Mary, and E.R. Stickley were riding in at the time of their motor vehicle accident on September 1, 2019.

3. All email or written communications between Sutliff & Stout PLLC and Kirk Stickley and/or Mary Stickley regarding the chain of custody, final disposition, and current whereabouts of Kirk and Mary Stickley's Grow 'N Go child car seat (Model: C138-EFL; Date of Manufacture: 02/17/2017) that E.R. Stickley was riding in at the time of the Stickley's motor vehicle accident on September 1, 2019.

4. All email or written communications between Sutliff & Stout PLLC and Kirk Stickley and/or Mary Stickley regarding the chain of custody, final disposition, and current whereabouts of Kirk and Mary Stickley's 2012 Ford Explorer (VIN: 1FMHK7F85CGA00988) that Kirk, Mary, and E.R. Stickley were riding in at the time of their motor vehicle accident on September 1, 2019.

5. Any and all documents or communications wherein Kirk Stickley or Mary Stickley provided authorization, permission, consent, and/or acquiescence to dispose of Kirk and Mary Stickley's Grow 'N Go child car seat (Model: C138-EFL; Date of Manufacture: 02/17/2017) that E.R. Stickley was riding in at the time of the Stickley's motor vehicle accident on September 1, 2019.

6. Any and all documents or communications wherein Kirk Stickley or Mary Stickley provided authorization, permission, consent, and/or acquiescence to dispose of Kirk and Mary Stickley's 2012 Ford Explorer (VIN: 1FMHK7F85CGA00988) that Kirk, Mary, and E.R. Stickley were riding in at the time of the Stickley's motor vehicle accident on September 1, 2019.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| | | |
|---|---|---|
| KIRK STICKLEY and MARY STICKLEY, et. al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:21-cv-768 |
| DOREL JUVENILE GROUP, INC., a foreign corporation, et. al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Sutliff & Stout PLLC, 9433 Bee Cave Rd., Building III, Suite 200, Austin, Texas 78733, (512) 616-2222

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Attached to Notice of Deposition, See Exhibit A: Topics for Deposition

| Place: Zoom Videoconferencing - Credentials to follow | Date and Time: |
|---|---|
| | 02/07/2023 10:00 am (Central) |

The deposition will be recorded by this method:   Recorded over Zoom Videoconferencing

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Subpoena Duces Tecum attached to Notice of Deposition.  Please tender materials three days prior to the deposition to jonathan.dean@afslaw.com, debra.moran@afslaw.com, and dbullion@gbpclaw.com.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/18/2023

CLERK OF COURT

OR   /s/ William L. Mennucci

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:21-cv-768

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  10.00 _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Graham Sutliff

| | |
|---|---|
| **From:** | Graham Sutliff |
| **Sent:** | Wednesday, September 18, 2019 11:20 AM |
| **To:** | cechristian@djgusa.com |
| **Cc:** | Leigh Joseph; Vivian Yung; Jenna Brooks |
| **Subject:** | Inspection of Safety 1st Car Seat (Death of Emily Stickley on 9/1/19) |
| **Attachments:** | Crash Report, Powers Stickley.pdf |
| | |
| **Importance:** | High |

Ms. Christian-

I am an attorney in Texas, and I represent that family Emily Stickley.  Emily died on September 1, 2019 after a car wreck (crash report attached).  Emily was in a Safety 1st Child Seat (Manufactured 2/17/17, Model # CC138-EFL, Grow and Go WCE1 A 825257).

The purpose of this email is to alert Dorel Juvenile Group ("DJG") that this car seat will soon be inspected and to invite DJG to participate in the same.  NHTSA has contacted me to inform me that NHTSA is also interested in inspecting the car seat.  I want to make sure all interested parties are alerted to this inspection(s) to, among other things, ensure that we are all on the same page and to avoid any potential arguments of spoliation down the road.  The car seat is currently being safely stored in an office at Texas DPS.

Are you the correct person to contact?  If not, can you please put me in touch with the correct person?  Thank you.

Graham


**Graham E. Sutliff**
Sutliff & Stout, PLLC
3600 Bee Cave Road, Suite 102
Austin, Texas 78746
512.616.2224 (Direct Dial)
713.987.7115 (Fax)
gsutliff@sutliffstout.com


# Exhibit 2

**Texas Department of Transportation**

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8588 | WWW.TXDOT.GOV

Wed, 11 September 2019

STATE OF TEXAS          §

This is to certify that I, Jim Hollis, am employed by the Texas Department of Transportation (Department); that I am the Custodian of Motor Vehicle Crash Records for such Department; that the attached is a true and correct copy of the peace officer's report filed with the Department referred to in the attached request with the crash date of Sun, 01 September 2019, which occurred in Blanco County; that the investigations of motor vehicle crashes by peace officers are authorized by law; that this Texas Peace Officer's Crash Report is required by law to be completed and filed with this Department; that this report sets forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

Jim Hollis
Director, Crash Data & Analysis Section
125 East 11th Street
Austin, Texas 78701-2483
1-844-274-7457



OUR VALUES: People • Accountability • Trust • Honesty
OUR MISSION: Through collaboration and leadership, we deliver a safe, reliable, and integrated transportation system that enables the movement of people and goods.

An Equal Opportunity Employer



Law Enforcement and TxDOT Use ONLY

☒ FATAL  ☐ CMV  ☐ SCHOOL BUS  ☐ RAILROAD  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

Num. Units 2 | Num. Prsns. | TxDOT Crash ID 17270233.1 /2019429946

## Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)
Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714.  Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page 1 of 2

### IDENTIFICATION & LOCATION

*Crash Date (MM/DD/YYYY) 09/01/2019  *Crash Time (24HRMM) 1720  Case ID 2633663  Local Use

*County Name BLANCO  *City Name ROUND MOUNTAIN (BLANCO)  ☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No  Latitude (decimal degrees) 30 ° 4 7 0 2  Longitude — (decimal degrees) 0 9 8 ° 3 3 8 7 2

#### ROAD ON WHICH CRASH OCCURRED

*1 Rdwy. Sys. US  *Hwy. Num. 281  2 Rdwy. Part 1  Block Num.  3 Street Prefix  *Street Name  4 Street Suffix

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot  ☐ Toll Road/ Toll Lane  Speed Limit 70  Const. Zone ☐ Yes ☒ No  Workers Present ☐ Yes ☒ No  Street Desc. Four lane roadway with paved shoulders.

#### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

At Int. ☐ Yes ☒ No  1 Rdwy. Sys.  Hwy. Num.  2. Rdwy. Part  Block Num.  3 Street Prefix  Street Name  4 Street Suffix

Distance from Int. or Ref. Marker 0.4  ☐ FT ☒ MI  3 Dir. from Int. or Ref. Marker S  Reference Marker 462  Street Desc.  RRX Num.

### VEHICLE, DRIVER, & PERSONS

Unit Num. 1  5 Unit Desc. 1  ☐ Parked Vehicle  ☐ Hit and Run  LP State TX  LP Num. JRC4601  VIN 2HKRW2H9H628321  Pol., Fire, EMS on Emergency (Explain in Narrative if checked) ☐

Veh. Year 2017  6. Veh. Color GRY  Veh. Make HONDA  Veh. Model CR-V  7 Body Style SV

8 DL/ID Type 1  DL/ID State TX  DL/ID Num. 05925274  9 DL Class C  10 CDL End. 96  11 DL Rest. 96  DOB (MM/DD/YYYY) 07/19/1943

Address (Street, City, State, ZIP) 4001 BELL SPRINGS RD DRIPPING SPRINGS, TX 78620

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | NEILL, STEPHEN KENT | K | 76 | W | 1 | 1 | 1 | 2 | 97 | N | 96 | 96 | 97 | 97 |  |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee  Owner/Lessee Name & Address NEILL, STEPHEN KENT, 4001 BELL SPRINGS RD DRIPPING SPRINGS 78620

Proof of Fin. Resp. ☒ Yes ☐ No  ☐ Expired ☐ Exempt  26 Fin. Resp. Type 2  Fin. Resp. Name TEXAS FARM BUREAU MUTUAL INSURANCE  Fin. Resp. Num. 21573041

Fin. Resp. Phone Num. (800) 266-5458  27 Vehicle Damage Rating 1  4 - R P - 7  27 Vehicle Damage Rating 2  -  Vehicle Inventoried ☒ Yes ☐ No

Towed By COMAL TOWING  Towed To 519 1ST STREET, BLANCO, TX 78606

Unit Num. 2  5 Unit Desc. 1  ☐ Parked Vehicle  ☐ Hit and Run  LP State TX  LP Num. KJV5835  VIN 1FMHK7F85CGA51019  Pol., Fire, EMS on Emergency (Explain in Narrative if checked) ☐

Veh. Year 2012  6. Veh. Color BLK  Veh. Make FORD  Veh. Model EXPLORER  7 Body Style SV

8 DL/ID Type 1  DL/ID State TX  DL/ID Num. 43486402  9 DL Class C  10 CDL End. 96  11 DL Rest. 96  DOB (MM/DD/YYYY) 06/04/1978

Address (Street, City, State, ZIP) 216 MUIRFIELD DR MEADOWLAKES 78654

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | STICKLEY, KIRK EVAN | B | 41 | W | 1 | 1 | 1 | 5 | 97 | N | 96 | 96 |  |  |  |
| 2 | 2 | 3 | POWERS, MARY NICOLE | B | 35 | W | 2 | 1 | 1 | 4 | 97 | N |  |  |  |  |  |
| 3 | 2 | 5 | STRICKLEY, EMILY ROSE | K | 14 | W | 2 | 1 | 1 | 4 | 97 | N |  |  |  |  |  |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee  Owner/Lessee Name & Address POWERS, MARY NICOLE, 216 MUIRFIELD DR MEADOWLAKES 78654

Proof of Fin. Resp. ☒ Yes ☐ No  ☐ Expired ☐ Exempt  26 Fin. Resp. Type 2  Fin. Resp. Name UNITED SERVICES AUTOMOBILE ASSOCIATION  Fin. Resp. Num. 0199158807106

Fin. Resp. Phone Num. (800) 531-8555  27 Vehicle Damage Rating 1  2 - F D - 5  27 Vehicle Damage Rating 2  -  Vehicle Inventoried ☒ Yes ☐ No

Towed By COMAL TOWING  Towed To 519 1ST STREET, BLANCO, TX 78606

Copy from Custodial File

Case ID 2635669  CrashID 17270233.1/2019429998

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| 1 | 1 | CROFTS-CROW FUNERAL HOME | CROFTS-CROW FUNERAL HOME | 09/01/2019 | 1 8 5 7 |
| 2 | 1 | ST.DAVID'S SOUTH AUSTIN HOSPITAL | MARBLE FALLS EMS | | |
| 2 | 2 | ST.DAVID'S SOUTH AUSTIN HOSPITAL | NORTH BLANCO COUNTY EMS | | |
| 2 | 3 | CROFTS-CROW FUNERAL HOME | CROFTS-CROW FUNERAL HOME | 09/01/2019 | 1 8 0 4 |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

## CMV

| Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☐ No | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. | |
|---|---|---|---|---|---|---|---|---|
| Carrier's Corp. Name | | | Carrier's Primary Addr. | | | | | 30 Veh. Type |
| 31 Bus Type | ☐ RGVW ☐ GVWR | | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type |
| Unit Num. | ☐ RGVW ☐ GVWR | | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No |
| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐ Yes ☐ No | Actual Gross Weight | | Total Num. Axles |

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 60 | | 12 | | 3 | 1 | 97 | 1 | 6 | 2 | 17 |

## NARRATIVE AND DIAGRAM

### Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets if Necessary)

Unit 1 was south bound in the left lane of US 281. Unit 2 was north bound in the left lane of US 281. At the time of the crash, it was raining heavily and there was water on the roadway. Unit 1 hydroplaned and the back end of Unit 1 rotated in a counter clockwise direction. Unit 1 began to slide sideways into the north bound lanes. Unit 1 and Unit 2 collided in the north bound lanes. The front of Unit 2 stuck the right side of Unit 1. Both vehicles sustained major damage. Unit 1 has slick tires on the rear of the vehicle which will not allow water to properly disperse. Having slick tires in the rain will result in the vehicle being more susceptible to hydroplaning. Unit 1 was driving at an unsafe speed when considering the rain and tire conditions of Unit 1. The driver of Unit 1 and second row passenger of Unit 2 died on the scene of the crash.

Field Diagram - Not to Scale



UNIT 1 TIRE MARK

UNIT 1

US 281 NEAR MP 462

UNIT 2

Copy from Custodial File

## INVESTIGATOR

| Time Notified (24HR:MM) 1 7 2 4 | How Notified RADIO | Time Arrived (24HRMM) 1 7 4 5 | Report Date (MM/DD/YYYY) 09/02/2019 |
|---|---|---|---|
| Invest. Comp. ☐ Yes ☒ No | Investigator Name (Printed) Turner, Dorian | | ID Num. 14801 |
| ORI Num. | *Agency DEPARTMENT OF PUBLIC SAFETY, STATE OF TEXAS | | Service/Region/DA H P 6 B 0 4 |

**Graham Sutliff**

| | |
|---|---|
| **From:** | Graham Sutliff |
| **Sent:** | Wednesday, September 18, 2019 1:06 PM |
| **To:** | Leigh Joseph; Vivian Yung |
| **Subject:** | FW: Inspection of Safety 1st Car Seat (Death of Emily Stickley on 9/1/19) |

**From:** Judge, Jonathan [mailto:jjudge@schiffhardin.com]
**Sent:** Wednesday, September 18, 2019 12:54 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>
**Subject:** Inspection of Safety 1st Car Seat (Death of Emily Stickley on 9/1/19)

Mr. Sutliff,

Your email of this morning to Christine Christian at Dorel Juvenile Group was forwarded to my attention for handling.  Thank you for reaching out.

Let me begin by expressing my client's condolences to your clients for their loss.  Dorel is always sorry to hear of any unfortunate outcome of a crash involving one of its products, regardless of where the fault may lie.

We would like to participate in the inspection of the child restraint and also of any vehicle or vehicles in the possession of the authorities or any insurer from the crash.  Do you know where the vehicles are located or do you have custody of them?  In terms of scheduling, is it easiest for us to give you some dates or would you rather have us work around others?

Best regards,
Jonathan

**Jonathan Judge**
Partner
jjudge@schiffhardin.com
d +1.312.258.5587 | f +1.312.258.5600

Schiff Hardin LLP
233 South Wacker Drive | Suite 7100 | Chicago, IL 60606
schiffhardin.com | v-card | view bio

----------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
----------------------------------------------------------------

**Exhibit 3**

1

**Graham Sutliff**

| | |
|---|---|
| **From:** | Judge, Jonathan <jjudge@schiffhardin.com> |
| **Sent:** | Tuesday, September 24, 2019 1:47 PM |
| **To:** | Graham Sutliff; 'Mark Gall'; 'Miller, Coy'; '42z5qm5x3dq8@claims.usaa.com' |
| **Cc:** | Leigh Joseph; Vivian Yung; Jenna Brooks |
| **Subject:** | RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39 |
| **Attachments:** | Child Seat and Vehicle Inspection Protocol - Stickley.pdf |

Attached is a protocol for how we propose to inspect the child restraint seat and the restraint systems in the subject vehicle.

We would like for the child restraint seat to be present with the vehicles so it can be fitted and installed into the vehicle seat(s).

Jonathan Judge | Schiff Hardin LLP
312.258.5587
jjudge@schiffhardin.com

**From:** Judge, Jonathan
**Sent:** Tuesday, September 24, 2019 11:27 AM
**To:** 'Graham Sutliff' <gsutliff@sutliffstout.com>; Mark Gall <mgall@crainc.biz>; Miller, Coy <CMiller@txfb-ins.com>; 42z5qm5x3dq8@claims.usaa.com
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39

Graham:

October 3 works for our folks.  We may send along a protocol to focus in on a few aspects of inspection articles.

Jonathan

Jonathan Judge | Schiff Hardin LLP
312.258.5587
jjudge@schiffhardin.com

# Exhibit 4

**From:** Graham Sutliff [mailto:gsutliff@sutliffstout.com]
**Sent:** Friday, September 20, 2019 8:42 AM
**To:** Judge, Jonathan <jjudge@schiffhardin.com>; Mark Gall <mgall@crainc.biz>; Miller, Coy <CMiller@txfb-ins.com>; 42z5qm5x3dq8@claims.usaa.com
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks

<jenna@sutliffstout.com>
**Subject:** [EXT] RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39
**Importance:** High

All-

Following up on this, we plan to do standard visual inspections of the vehicles on October 3, 2019 at 9:00 a.m.  We will also be downloading the EDRs.  The vehicles are located at IAA - 2191 TX-21, Dale, TX 78616.  If you do not wish to attend, please let me know.  If I do not hear back from you, I will assume you do not wish to attend and that you have no objection to these visual inspections and downloads.

As for the car seat, the Officer emailed me yesterday and informed me that he would prefer that we keep it instead of him.  My office plans to gain custody of the car seat next week for preservation purposes (the date that this will occur is pending as we are waiting on word back from the Officer).  The car seat will then likely be stored in our Austin office, and we can arrange for an inspection of the same when it is convenient for all who wish to see it.

If anyone has any comments or questions, please let me know.

Graham

**From:** Graham Sutliff
**Sent:** Thursday, September 19, 2019 8:51 AM
**To:** Judge, Jonathan <jjudge@schiffhardin.com>; Mark Gall <mgall@crainc.biz>; Miller, Coy <CMiller@txfb-ins.com>; 42z5qm5x3dq8@claims.usaa.com
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39
**Importance:** High

Mark, Jonathan, Coy and Marie-

The purpose of this email is to begin coordinating the logistics for the inspection of the car seat (currently in possession of the DPS trooper – Dorian Turner) and the two cars involved (currently at the same lot in Dale, Texas).  Mark, I understand that you probably only want to inspect the former.

It is my preference that we accomplish these inspections asap for a variety of reasons.  Along these lines, if you propose to do anything other than a standard, visual, non-destructive inspection, please send me your proposed protocol for review.  Please note that I will have an expert downloading the EDRs for the 2017 Honda and the 2012 Ford.  Your expert(s) can certainly watch that occur and have input on the same (we will also share the same with you).

There are many people involved here, and we are all going to have to be flexible with finding a date.  To begin the scheduling process, I propose that we try to find a day during the week of September 30.  Please let me know what works.

Thank you.

Graham

**Graham E. Sutliff**
Sutliff & Stout, PLLC
3600 Bee Cave Road, Suite 102
Austin, Texas 78746
512.616.2224 (Direct Dial)
713.987.7115 (Fax)
gsutliff@sutliffstout.com

```
----------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
----------------------------------------------------------------
```

## CHILD SEAT AND VEHICLE INSPECTION PROTOCOL

All steps outlined below are non-destructive.  Any deviations from the following protocol will be discussed by all parties present.  Each party and its representatives will be given an opportunity to photograph and/or videotape the child seat and vehicle in the as-found condition prior to inspection.

In general, the following protocol will be used for inspection of the child seat:

- The child seat may be removed from subject vehicle, if secured in vehicle.

- The child seat may be inspected, including shell, cloth covers and any associated parts.

- The cloth comfort covers of the child seat (and headrest if present) may be removed. The covers will not be cut to remove. The covers will be replaced to the as-found positions.

- The child seat shell will be photographed and examined, on both sides.

- If A-lock strap adjuster is present, the strap will be measured. Then the A-lock strap position may be adjusted to document any marks. The strap will be returned to the as-found position.

- If harness is present, a tailor's tape may be run along the child seat harness' length; this includes through shoulder harness slots, and slots in the bottom of the seat.

- If buckle and/or latch plates are present, the child seat latch plates may be moved along the webbing, and latched into child seat buckle.

- If chest clip is present, the chest clip may be moved along the webbing, latched and unlatched.

- If LATCH (Lower Anchor and Tether for CHildren) is present, both lower and tether anchor straps may be measured and examined.

In general, the following protocol will be used for inspection of the vehicle:

- The vehicle exterior will be photographed.

- Original components in any way detached/separated from the vehicle will be photographed.

9/24/2019
Page 1 of 2

- The vehicle may be entered to inspect and photograph the interior.

- Loose debris may be removed from the vehicle to inspect and photograph the vehicle.

- Each seat position and seat belt system in the vehicle may be inspected, including any first-, second- and third-row positions.

- Seat positions, including seatback angles and seat track positions, will be documented in the as-found condition.

- Vehicle head restraint position will be documented in the as-found condition.

- If necessary for a specific seating position, the seatback angle or seat track position may be adjusted to allow access to the seat belt, and returned to as-found position as possible.

- The seat belt webbing will be extracted from the retractor, and held in place by spring clips to allow inspection of the webbing.  The webbing may be measured by running a tailor's tape along the length of it.  Post inspection, the clips will be removed and the webbing will be allowed to retract.

- Both sides of the seat belt webbing will be photographed and measured.

- The buckle will be inspected and photographed.

- The latch plate may be latched into the appropriate buckle.

- The latch plate may be moved along the webbing to allow for photography of the webbing at the position of the latch plate, and to photograph the loading surfaces of the latch plate.

- The webbing may be adjusted as appropriate to allow for photography of the D-ring and/or vehicle trim around the webbing slot.

- The subject child seat may be placed and restrained within the subject vehicle in the seat position used during the accident or in other positions.

**Graham Sutliff**

| | |
|---|---|
| **From:** | Judge, Jonathan <jjudge@schiffhardin.com> |
| **Sent:** | Tuesday, October 1, 2019 9:47 AM |
| **To:** | Graham Sutliff |
| **Cc:** | Vivian Yung; Leigh Joseph |
| **Subject:** | RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39 |

Appreciate that.  Thanks.

Jonathan

**From:** Graham Sutliff [mailto:gsutliff@sutliffstout.com]
**Sent:** Tuesday, October 1, 2019 9:46 AM
**To:** Judge, Jonathan <jjudge@schiffhardin.com>
**Cc:** Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** [EXT] RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39

Confirmed that we are in agreement (and to the extent video is taken that too will be exchanged – my side is not videoing).  My cell is 512-789-2389 if your expert needs it for any reason to discuss logistics on Thursday.

Thank you.

Graham

**From:** Judge, Jonathan [mailto:jjudge@schiffhardin.com]
**Sent:** Tuesday, October 1, 2019 9:44 AM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>
**Cc:** Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39

Graham:

Chatted with my folks.  Provided that you are otherwise fine with my expert following the submitted protocol — which it sounds like you are — we will consent, in this one instance, to both sides' experts exchanging all of their photos and data downloads from this particular inspection.

If you will please confirm that is our agreement, our expert will see you at the inspection.

Thanks,
Jonathan

Jonathan Judge | Schiff Hardin LLP
312.258.5587
jjudge@schiffhardin.com

# Exhibit 5

**From:** Graham Sutliff [mailto:gsutliff@sutliffstout.com]
**Sent:** Monday, September 30, 2019 6:06 PM
**To:** Judge, Jonathan <jjudge@schiffhardin.com>
**Cc:** Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** [EXT] RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39

Jonathan-

Please call me tomorrow.  It is standard in Texas to share photos/video taken at the inspection.  I disagree that photographs amount to work product.

Graham

**From:** Judge, Jonathan [mailto:jjudge@schiffhardin.com]
**Sent:** Monday, September 30, 2019 5:32 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>
**Cc:** Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39

Graham:

We never video these inspections ourselves, at least not in any sense of videoing the overall procedure; our expert just does these things more or less pursuant to protocol. Our experts follow the protocol and return everything to its original, upright condition when they are done so there is no question about what the expert later did.

On occasion, parties have a videographer present during these inspections, although in my experience it is not common.  I personally don't see the point — watching an inspection video is like watching grass grow — but the standard agreement between plaintiffs and defendants in these cases is that it is permissible under two conditions.  First, the microphone should be muted.  [Covering the sound protects both sides' ability to have privileged conservations among their teams and with their clients if they so choose, without risk of the conversations being picked up.]  Second, we would ask that any other expert inspections of the products later on be videoed also, just so that everyone is on the same playing field.

We don't agree to share our expert's individual photographs or video because those reflect our expert's mental impressions and are protected work product under the expert rules.  (The same would be true of any photos or videos you or any consultant of yours took).  However, you or anyone else on your team of course is welcome to be present and watch what the expert is doing if you so choose, and certainly if he takes a photograph of something you are welcome to have someone photograph the same thing once our expert is done with it.

In general, our philosophy is that everyone is a professional and everyone also understands the rules about not changing the evidence, so we are fine with your folks inspecting it by themselves without video also, if they submit a protocol, and we follow the same rule for ourselves.  Hope that helps!

Thanks,
Jonathan

Jonathan Judge | Schiff Hardin LLP
312.258.5587
jjudge@schiffhardin.com

**From:** Graham Sutliff [mailto:gsutliff@sutliffstout.com]
**Sent:** Monday, September 30, 2019 5:14 PM
**To:** Judge, Jonathan <jjudge@schiffhardin.com>
**Cc:** Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** [EXT] RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39

Jonathan-

I have had a chance to review this protocol.  Do you intend on having someone video your expert doing all of this?  Do you agree to share the same with me as well as any photographs taken?

Graham

**From:** Judge, Jonathan [mailto:jjudge@schiffhardin.com]
**Sent:** Tuesday, September 24, 2019 1:47 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>; 'Mark Gall' <mgall@crainc.biz>; 'Miller, Coy' <CMiller@txfb-ins.com>; '42z5qm5x3dq8@claims.usaa.com' <42z5qm5x3dq8@claims.usaa.com>
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39

Attached is a protocol for how we propose to inspect the child restraint seat and the restraint systems in the subject vehicle.

We would like for the child restraint seat to be present with the vehicles so it can be fitted and installed into the vehicle seat(s).

Jonathan Judge | Schiff Hardin LLP
312.258.5587
jjudge@schiffhardin.com

**From:** Judge, Jonathan
**Sent:** Tuesday, September 24, 2019 11:27 AM
**To:** 'Graham Sutliff' <gsutliff@sutliffstout.com>; Mark Gall <mgall@crainc.biz>; Miller, Coy <CMiller@txfb-ins.com>; 42z5qm5x3dq8@claims.usaa.com
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39

Graham:

October 3 works for our folks.  We may send along a protocol to focus in on a few aspects of inspection articles.

Jonathan

Jonathan Judge | Schiff Hardin LLP

312.258.5587
jjudge@schiffhardin.com



**From:** Graham Sutliff [mailto:gsutliff@sutliffstout.com]
**Sent:** Friday, September 20, 2019 8:42 AM
**To:** Judge, Jonathan <jjudge@schiffhardin.com>; Mark Gall <mgall@crainc.biz>; Miller, Coy <CMiller@txfb-ins.com>; 42z5qm5x3dq8@claims.usaa.com
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** [EXT] RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39
**Importance:** High


All-

Following up on this, we plan to do standard visual inspections of the vehicles on October 3, 2019 at 9:00 a.m.  We will also be downloading the EDRs.  The vehicles are located at IAA - 2191 TX-21, Dale, TX 78616.  If you do not wish to attend, please let me know.  If I do not hear back from you, I will assume you do not wish to attend and that you have no objection to these visual inspections and downloads.

As for the car seat, the Officer emailed me yesterday and informed me that he would prefer that we keep it instead of him.  My office plans to gain custody of the car seat next week for preservation purposes (the date that this will occur is pending as we are waiting on word back from the Officer).  The car seat will then likely be stored in our Austin office, and we can arrange for an inspection of the same when it is convenient for all who wish to see it.

If anyone has any comments or questions, please let me know.


Graham



**From:** Graham Sutliff
**Sent:** Thursday, September 19, 2019 8:51 AM
**To:** Judge, Jonathan <jjudge@schiffhardin.com>; Mark Gall <mgall@crainc.biz>; Miller, Coy <CMiller@txfb-ins.com>; 42z5qm5x3dq8@claims.usaa.com
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39
**Importance:** High


Mark, Jonathan, Coy and Marie-

The purpose of this email is to begin coordinating the logistics for the inspection of the car seat (currently in possession of the DPS trooper – Dorian Turner) and the two cars involved (currently at the same lot in Dale, Texas).  Mark, I understand that you probably only want to inspect the former.

It is my preference that we accomplish these inspections asap for a variety of reasons.  Along these lines, if you propose to do anything other than a standard, visual, non-destructive inspection, please send me your proposed protocol for

review.  Please note that I will have an expert downloading the EDRs for the 2017 Honda and the 2012 Ford.  Your expert(s) can certainly watch that occur and have input on the same (we will also share the same with you).

There are many people involved here, and we are all going to have to be flexible with finding a date.  To begin the scheduling process, I propose that we try to find a day during the week of September 30.  Please let me know what works.

Thank you.

Graham



**Graham E. Sutliff**
Sutliff & Stout, PLLC
3600 Bee Cave Road, Suite 102
Austin, Texas 78746
512.616.2224 (Direct Dial)
713.987.7115 (Fax)
gsutliff@sutliffstout.com

----------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
----------------------------------------------------------------

**Graham Sutliff**

| | |
|---|---|
| **From:** | Leigh Joseph |
| **Sent:** | Tuesday, September 24, 2019 5:56 PM |
| **To:** | Miller, Coy; 42z5qm5x3dq8@claims.usaa.com |
| **Cc:** | Vivian Yung; Graham Sutlift; Martinez, Blanca |
| **Subject:** | TFB Claim 636144; USAA Claim 19915880-39 |

Marie and Coy,

Blanca from IAA is copied on this email.  Please confirm your authorization for the below individuals to attend and participate in the October 3, 2019 inspection of both involved vehicles (IAA stock numbers 26015839--2012 Explorer and 25972829--2017 CRV) beginning at 9:00 a.m.  I would appreciate it if you would cc me or otherwise let me know once the message has been sent.

Graham Sutliff, Sutliff & Stout, PLLC
Mark Gall, Crash Research & Analysis, Inc.
Matt Sisk, Crash Research & Analysis, Inc.
Jason Prochaska, Moody Engineering, Inc.
CJ Stankewich, Expert for Schiff Hardin LLP
Rory Heisch, Texas Farm Bureau

Thank you,

**Leigh A. Joseph**
Sutliff & Stout, PLLC
3600 Bee Cave Road
Suite 102
Austin, Texas 78746
512.616.2223 (Direct Dial)
713.987.7115 (Fax)
ljoseph@sutliffstout.com

**Exhibit 6**

**Graham Sutliff**

---

| | |
|---|---|
| **From:** | Judge, Jonathan <jjudge@schiffhardin.com> |
| **Sent:** | Tuesday, September 24, 2019 3:36 PM |
| **To:** | Graham Sutliff |
| **Cc:** | Leigh Joseph; Vivian Yung; Jenna Brooks |
| **Subject:** | RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39 |

Sure.  Right now we will only be sending one person, CJ Stankewich, on the theory that less is more with so many interested parties showing up.

Jonathan

Jonathan Judge | Schiff Hardin LLP
312.258.5587
jjudge@schiffhardin.com

**From:** Graham Sutliff [mailto:gsutliff@sutliffstout.com]
**Sent:** Tuesday, September 24, 2019 3:15 PM
**To:** Judge, Jonathan <jjudge@schiffhardin.com>
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** [EXT] RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39

Jonathan-

Let me review the proposed protocol and let you know.  In the meantime, can you please send me a list of the people who will be attending for your client?  We have to provide the yard a list of names.

Thank you.

Graham

**From:** Judge, Jonathan [mailto:jjudge@schiffhardin.com]
**Sent:** Tuesday, September 24, 2019 11:47 AM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>; 'Mark Gall' <mgall@crainc.biz>; 'Miller, Coy' <CMiller@txfb-ins.com>; '42z5qm5x3dq8@claims.usaa.com' <42z5qm5x3dq8@claims.usaa.com>
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39

Attached is a protocol for how we propose to inspect the child restraint seat and the restraint systems in the subject vehicle.

**Exhibit 7**

We would like for the child restraint seat to be present with the vehicles so it can be fitted and installed into the vehicle seat(s).

Jonathan Judge | Schiff Hardin LLP
312.258.5587
jjudge@schiffhardin.com

**From:** Judge, Jonathan
**Sent:** Tuesday, September 24, 2019 11:27 AM
**To:** 'Graham Sutliff' <gsutliff@sutliffstout.com>; Mark Gall <mgall@crainc.biz>; Miller, Coy <CMiller@txfb-ins.com>; 42z5qm5x3dq8@claims.usaa.com
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39

Graham:

October 3 works for our folks.  We may send along a protocol to focus in on a few aspects of inspection articles.

Jonathan

Jonathan Judge | Schiff Hardin LLP
312.258.5587
jjudge@schiffhardin.com

**From:** Graham Sutliff [mailto:gsutliff@sutliffstout.com]
**Sent:** Friday, September 20, 2019 8:42 AM
**To:** Judge, Jonathan <jjudge@schiffhardin.com>; Mark Gall <mgall@crainc.biz>; Miller, Coy <CMiller@txfb-ins.com>; 42z5qm5x3dq8@claims.usaa.com
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** [EXT] RE: Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39
**Importance:** High

All-

Following up on this, we plan to do standard visual inspections of the vehicles on October 3, 2019 at 9:00 a.m.  We will also be downloading the EDRs.  The vehicles are located at IAA - 2191 TX-21, Dale, TX 78616.  If you do not wish to attend, please let me know.  If I do not hear back from you, I will assume you do not wish to attend and that you have no objection to these visual inspections and downloads.

As for the car seat, the Officer emailed me yesterday and informed me that he would prefer that we keep it instead of him.  My office plans to gain custody of the car seat next week for preservation purposes (the date that this will occur is pending as we are waiting on word back from the Officer).  The car seat will then likely be stored in our Austin office, and we can arrange for an inspection of the same when it is convenient for all who wish to see it.

2

If anyone has any comments or questions, please let me know.

Graham

**From:** Graham Sutliff
**Sent:** Thursday, September 19, 2019 8:51 AM
**To:** Judge, Jonathan <jjudge@schiffhardin.com>; Mark Gall <mgall@crainc.biz>; Miller, Coy <CMiller@txfb-ins.com>; 42z5qm5x3dq8@claims.usaa.com
**Cc:** Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** Death of Emily Stickley on 9/1/19 - Farm Bureau Claim 636144/USAA Claim 19915880-39
**Importance:** High

Mark, Jonathan, Coy and Marie-

The purpose of this email is to begin coordinating the logistics for the inspection of the car seat (currently in possession of the DPS trooper – Dorian Turner) and the two cars involved (currently at the same lot in Dale, Texas). Mark, I understand that you probably only want to inspect the former.

It is my preference that we accomplish these inspections asap for a variety of reasons. Along these lines, if you propose to do anything other than a standard, visual, non-destructive inspection, please send me your proposed protocol for review. Please note that I will have an expert downloading the EDRs for the 2017 Honda and the 2012 Ford. Your expert(s) can certainly watch that occur and have input on the same (we will also share the same with you).

There are many people involved here, and we are all going to have to be flexible with finding a date. To begin the scheduling process, I propose that we try to find a day during the week of September 30. Please let me know what works.

Thank you.

Graham

**Graham E. Sutliff**
Sutliff & Stout, PLLC
3600 Bee Cave Road, Suite 102
Austin, Texas 78746
512.616.2224 (Direct Dial)
713.987.7115 (Fax)
gsutliff@sutliffstout.com

```
---------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
---------------------------------------------------------------
```

**Graham Sutliff**

| | |
|---|---|
| **From:** | Graham Sutliff |
| **Sent:** | Monday, December 16, 2019 3:45 PM |
| **To:** | Otto, Jeff; BILL BLANTON |
| **Cc:** | Cano, Cameron; Leigh Joseph; Vivian Yung; Jenna Brooks; Henson, Kerry; Armistead, Kiyomi |
| **Subject:** | RE: Stickley Neill Matter |

Jeff-

Tomorrow at 2:30 would work best.  The address you have is correct.  Please confirm that 2:30 will work.

Thanks.

Graham


**Graham E. Sutliff**
Sutliff & Stout, PLLC
3600 Bee Cave Road, Suite 102
Austin, Texas 78746
512.616.2224 (Direct Dial)
713.987.7115 (Fax)
gsutliff@sutliffstout.com



**From:** Otto, Jeff [mailto:jotto@thompsoncoe.com]
**Sent:** Monday, December 16, 2019 3:32 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>; BILL BLANTON <bdblantonlaw@gmail.com>
**Cc:** Cano, Cameron <CCano@thompsoncoe.com>; Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung
<vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>; Henson, Kerry <KHenson@thompsoncoe.com>;
Armistead, Kiyomi <KArmistead@thompsoncoe.com>
**Subject:** RE: Stickley Neill Matter

Hi Graham – I would like to come to your office and  take photos of the car seat tomorrow – 12/17  at 10:00
am or 2 pm  , whichever works  for you.  3600 Bee Caves ,  Suite 102 is what I have – correct?  It will be me and
Cameron if he is around. Otherwise – just me. Thanks.



Jeff Otto • Partner
701 Brazos, Suite 1500, Austin, TX 78701
o: 512-703-5036 • m: 512-560-9195
bio • vCard • web

**Exhibit 8**

**From:** Graham Sutliff <gsutliff@sutliffstout.com>
**Sent:** Friday, December 13, 2019 4:04 PM
**To:** Otto, Jeff <jotto@thompsoncoe.com>; BILL BLANTON <bdblantonlaw@gmail.com>

1

Cc: Cano, Cameron <CCano@thompsoncoe.com>; Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>; Henson, Kerry <KHenson@thompsoncoe.com>; Armistead, Kiyomi <KArmistead@thompsoncoe.com>
**Subject:** RE: Stickley Neill Matter

Jeff-

As a follow up to the note below, the car seat is in our Austin office. If you would like to inspect it as well, please let me know. Thank you.

Graham

**From:** Graham Sutliff
**Sent:** Friday, December 13, 2019 10:01 AM
**To:** Otto, Jeff <jotto@thompsoncoe.com>; BILL BLANTON <bdblantonlaw@gmail.com>
**Cc:** Cano, Cameron <CCano@thompsoncoe.com>; Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>; Henson, Kerry <KHenson@thompsoncoe.com>; Armistead, Kiyomi <KArmistead@thompsoncoe.com>
**Subject:** RE: Stickley Neill Matter

Jeff-

The 2012 Ford Explorer is at 4701 Bengal Street, Dallas Texas 75235. Please send me a list of who will be attending the inspection. Please also send me your proposed protocol. Lastly, please send me dates/times you want to get this done. I would prefer sooner rather than later if possible.

If we need to chat, please let me know.

Thank you.

Graham

**From:** Otto, Jeff [mailto:jotto@thompsoncoe.com]
**Sent:** Thursday, December 12, 2019 3:58 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>; BILL BLANTON <bdblantonlaw@gmail.com>
**Cc:** Cano, Cameron <CCano@thompsoncoe.com>; Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>; Henson, Kerry <KHenson@thompsoncoe.com>; Armistead, Kiyomi <KArmistead@thompsoncoe.com>
**Subject:** RE: Stickley Neill Matter

Bill / Graham – thanks for sending the autopsy report . We would also like to set up inspections/ photographing and downloading of the 2017 Honda and the 2012 Ford Explorer. Please forward us the location and phone numbers of the yards where the vehicles are currently stored. Graham has already downloaded the 2012 Ford Explorer and sent us the data- which is appreciated. Bill – when you get a moment , send us an e-mail with contact information , phone number etc. We are hopeful that we can get this part of the preliminary investigation completed before the end of the year. Thanks to all.



Jeff Otto • Partner
701 Brazos, Suite 1500, Austin, TX 78701

o: 512-703-5036 • m: 512-560-9195
bio • vCard • web

**From:** Graham Sutliff <gsutliff@sutliffstout.com>
**Sent:** Thursday, December 12, 2019 3:02 PM
**To:** BILL BLANTON <bdblantonlaw@gmail.com>
**Cc:** Cano, Cameron <CCano@thompsoncoe.com>; Otto, Jeff <jotto@thompsoncoe.com>; Leigh Joseph
<ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>; Jenna Brooks <jenna@sutliffstout.com>
**Subject:** RE: Stickley Neill Matter

Bill-

I have copied Jeff and Cameron on this email.  They represent Central Garage, LLC in this matter.  I spoke to them today, and they plan on reaching out to you.

I let them know that Farm Bureau has the ACM from Mr. Neill's vehicle.  They asked me about the current location of his vehicle, and I let them know that I did not know.

On another note, I recently received the attached autopsy report.  I plan to provide everyone with an early production soon (and we will Bates label the attached), but I told Jeff and Cameron that I would send this to them now.

I think it makes sense for us all to get on the phone soon to discuss getting a trial setting and DCO in place.  Along these lines, please let me know when everyone is free.  Thank you.

Graham


**From:** BILL BLANTON [mailto:bdblantonlaw@gmail.com]
**Sent:** Thursday, November 14, 2019 12:07 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>
**Subject:** Re: Stickley Neill Matter

Graham, I am waiting on a reply to your service question and have been informed that the black box is in the New Braunfels Farm Bureau office. Casey Loerwald is the contact to retrieve it. Bill

Sent from my iPhone

On Nov 14, 2019, at 10:54 AM, Graham Sutliff <gsutliff@sutliffstout.com> wrote:

Bill-

The attached was filed late Tuesday afternoon, and I just got copies.  I understand that you have not agreed to accept service and this does not constitute the same.  But if you can agree to accept service please let me know.  I would prefer not to have to personally serve the widow.

Graham

**From:** BILL BLANTON [mailto:bdblantonlaw@gmail.com]
**Sent:** Thursday, November 14, 2019 10:13 AM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>
**Cc:** Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** Re: Stickley Neill Matter

I have reached out for an answer

Sent from my iPhone

On Nov 14, 2019, at 9:36 AM, Graham Sutliff <gsutliff@sutliffstout.com> wrote:

> Bill-
>
> I am following up on this.  Has someone from TFB secured the black box?   If so, where is it?
>
> Thank you.
>
> Graham

---

**Confidentiality Notice:** This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law. Unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message. Thank you.

Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

**Graham Sutliff**

| | |
|---|---|
| **From:** | Otto, Jeff <jotto@thompsoncoe.com> |
| **Sent:** | Tuesday, January 14, 2020 11:46 AM |
| **To:** | BILL BLANTON; Graham Sutliff |
| **Cc:** | Cano, Cameron; Vivian Yung; Leigh Joseph |
| **Subject:** | RE: Stickley Neill Matter - Stickley Vehicle |

Yes – I have already done so at Grahams office. Photos only.  Graham has it at his office on Bee caves road.

THOMPSON COE

Jeff Otto • Partner
701 Brazos, Suite 1500, Austin, TX 78701
o: 512-703-5036 • m: 512-560-9195
bio • vCard • web

**From:** BILL BLANTON <bdblantonlaw@gmail.com>
**Sent:** Monday, January 13, 2020 3:28 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>
**Cc:** Cano, Cameron <CCano@thompsoncoe.com>; Otto, Jeff <jotto@thompsoncoe.com>; Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** Re: Stickley Neill Matter - Stickley Vehicle

Does anyone need to inspect the child seat

Sent from my iPhone

> On Jan 13, 2020, at 1:38 PM, Graham Sutliff <gsutliff@sutliffstout.com> wrote:
>
> Bill, Jeff, and Cameron-
>
> I understand that everyone has now had the opportunity to inspect the Stickley vehicle.
>
> If you need the Stickley vehicle for any other purposes (another inspection, download, etc.), please let me know by January 20, 2020.   If I do not hear from you, I will assume you do not need it and it will be sent for salvage.
>
> If anyone has any comments or questions, please let me know.  Thank you.
>
> Graham

**Exhibit 9**

**From:** Cano, Cameron [mailto:CCano@thompsoncoe.com]
**Sent:** Monday, January 13, 2020 1:33 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>
**Cc:** Otto, Jeff <jotto@thompsoncoe.com>; Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** Re: Stickley Neill Matter - Inspection of Stickley Vehicle on Monday

We did. Leaving the facility now. Thanks.

Cameron R. Cano


On Jan 13, 2020, at 1:18 PM, Graham Sutliff <gsutliff@sutliffstout.com> wrote:

Cameron-

Did you all get what you needed from the Stickley vehicle today?

Graham

**From:** Cano, Cameron [mailto:CCano@thompsoncoe.com]
**Sent:** Friday, January 10, 2020 12:35 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>
**Cc:** Otto, Jeff <jotto@thompsoncoe.com>; BILL BLANTON <bdblantonlaw@gmail.com>; Villasenor, Lisa <LVillasenor@thompsoncoe.com>; Armistead, Kiyomi <KArmistead@thompsoncoe.com>; Henson, Kerry <KHenson@thompsoncoe.com>; Jenna Brooks <jenna@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>
**Subject:** RE: Stickley Neill Matter - Inspection of Stickley Vehicle on Monday

Thanks Graham. Will do.

Cameron Cano
701 Brazos, Suite 1500, Austin, TX 78701
o: 512-703-5088
bio • vCard • web

**From:** Graham Sutliff <gsutliff@sutliffstout.com>
**Sent:** Friday, January 10, 2020 12:31 PM
**To:** Cano, Cameron <CCano@thompsoncoe.com>
**Cc:** Otto, Jeff <jotto@thompsoncoe.com>; BILL BLANTON <bdblantonlaw@gmail.com>; Villasenor, Lisa <LVillasenor@thompsoncoe.com>; Armistead, Kiyomi <KArmistead@thompsoncoe.com>; Henson, Kerry <KHenson@thompsoncoe.com>; Jenna Brooks <jenna@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>
**Subject:** Re: Stickley Neill Matter - Inspection of Stickley Vehicle on Monday

Yes. I will not be there but the vehicle will be.  Please let me know if there are issues.


On Jan 10, 2020, at 11:42 AM, Cano, Cameron <CCano@thompsoncoe.com> wrote:

Graham,

2

Visual only. Anyway we could push it to 11am?

Cameron Cano
701 Brazos, Suite 1500, Austin, TX 78701
o: 512-703-5088
bio • vCard • web

**From:** Graham Sutliff <gsutliff@sutliffstout.com>
**Sent:** Friday, January 10, 2020 10:49 AM
**To:** Cano, Cameron <CCano@thompsoncoe.com>
**Cc:** Otto, Jeff <jotto@thompsoncoe.com>; BILL BLANTON
<bdblantonlaw@gmail.com>; Villasenor, Lisa
<LVillasenor@thompsoncoe.com>; Armistead, Kiyomi
<KArmistead@thompsoncoe.com>; Henson, Kerry
<KHenson@thompsoncoe.com>; Jenna Brooks
<jenna@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>;
Vivian Yung <vivian@sutliffstout.com>
**Subject:** RE: Stickley Neill Matter - Inspection of Stickley Vehicle on
Monday

Cameron-

January 13 will work.  It will be outside 4701 Bengal St, Dallas, TX 75235
at 10:00 a.m.

My understanding is that this is a visual inspection only.  If you would
like to do more please let me know so that we can arrange.

Also, after this inspection, we intend on sending the vehicle to salvage
unless anyone has any objections (and then we can discuss).

Graham

**From:** Cano, Cameron [mailto:CCano@thompsoncoe.com]
**Sent:** Thursday, January 9, 2020 1:48 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>
**Cc:** Otto, Jeff <jotto@thompsoncoe.com>; BILL BLANTON
<bdblantonlaw@gmail.com>; Villasenor, Lisa
<LVillasenor@thompsoncoe.com>; Armistead, Kiyomi
<KArmistead@thompsoncoe.com>; Henson, Kerry
<KHenson@thompsoncoe.com>; Jenna Brooks
<jenna@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>;
Vivian Yung <vivian@sutliffstout.com>
**Subject:** RE: Stickley Neill Matter

Graham,

Does the 13th work to inspect your client's vehicle?

3

**Graham Sutliff**

| | |
|---|---|
| **From:** | Otto, Jeff <jotto@thompsoncoe.com> |
| **Sent:** | Monday, January 13, 2020 1:42 PM |
| **To:** | Graham Sutliff; Cano, Cameron; BILL BLANTON |
| **Cc:** | Vivian Yung; Leigh Joseph |
| **Subject:** | RE: Stickley Neill Matter - Stickley Vehicle |

Got it. Thanks for the heads up.

THOMPSON
COE

Jeff Otto • Partner
701 Brazos, Suite 1500, Austin, TX 78701
o: 512-703-5036 • m: 512-560-9195
bio • vCard • web

**From:** Graham Sutliff <gsutliff@sutliffstout.com>
**Sent:** Monday, January 13, 2020 1:39 PM
**To:** Cano, Cameron <CCano@thompsoncoe.com>; Otto, Jeff <jotto@thompsoncoe.com>; BILL BLANTON
<bdblantonlaw@gmail.com>
**Cc:** Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** RE: Stickley Neill Matter - Stickley Vehicle

Bill, Jeff, and Cameron-

I understand that everyone has now had the opportunity to inspect the Stickley vehicle.

If you need the Stickley vehicle for any other purposes (another inspection, download, etc.), please let me know by
January 20, 2020.   If I do not hear from you, I will assume you do not need it and it will be sent for salvage.

If anyone has any comments or questions, please let me know.  Thank you.

Graham

**From:** Cano, Cameron [mailto:CCano@thompsoncoe.com]
**Sent:** Monday, January 13, 2020 1:33 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>
**Cc:** Otto, Jeff <jotto@thompsoncoe.com>; Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph
<ljoseph@sutliffstout.com>
**Subject:** Re: Stickley Neill Matter - Inspection of Stickley Vehicle on Monday

We did. Leaving the facility now. Thanks.

Cameron R. Cano

On Jan 13, 2020, at 1:18 PM, Graham Sutliff <gsutliff@sutliffstout.com> wrote:

**Exhibit 10**

**Graham Sutliff**

| | |
|---|---|
| **From:** | Graham Sutliff |
| **Sent:** | Wednesday, February 19, 2020 10:33 AM |
| **To:** | Otto, Jeff; Cano, Cameron; BILL BLANTON; Stephanie Copeland |
| **Cc:** | Vivian Yung; Leigh Joseph |
| **Subject:** | RE: Stickley Neill Matter - Stickley Vehicle |
| | |
| **Importance:** | High |

All-

Following up on my email on January 13, 2020, I did not hear back from anyone about wanting to further inspect/test etc. the Stickley vehicle.  As a result, the plan is for it to go to salvage.  If you have an issue with this, please let me know today (I previously asked that everyone let me know by January 20 and no one indicated a desire to further test/inspect).

If I do not hear back from anyone today, I will assume everyone is ok with sending the Stickley vehicle to salvage.

If anyone has any comments or questions, please let me know.

Thank you.

Graham


**From:** Otto, Jeff [mailto:jotto@thompsoncoe.com]
**Sent:** Monday, January 13, 2020 1:42 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>; Cano, Cameron <CCano@thompsoncoe.com>; BILL BLANTON <bdblantonlaw@gmail.com>
**Cc:** Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** RE: Stickley Neill Matter - Stickley Vehicle

Got it. Thanks for the heads up.



**Jeff Otto • Partner**
701 Brazos, Suite 1500, Austin, TX 78701
o: 512-703-5036 • m: 512-560-9195
bio • vCard • web

**From:** Graham Sutliff <gsutliff@sutliffstout.com>
**Sent:** Monday, January 13, 2020 1:39 PM
**To:** Cano, Cameron <CCano@thompsoncoe.com>; Otto, Jeff <jotto@thompsoncoe.com>; BILL BLANTON <bdblantonlaw@gmail.com>
**Cc:** Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** RE: Stickley Neill Matter - Stickley Vehicle

**Exhibit 11**

1

Bill, Jeff, and Cameron-

I understand that everyone has now had the opportunity to inspect the Stickley vehicle.

If you need the Stickley vehicle for any other purposes (another inspection, download, etc.), please let me know by January 20, 2020.   If I do not hear from you, I will assume you do not need it and it will be sent for salvage.

If anyone has any comments or questions, please let me know.  Thank you.

Graham

**From:** Cano, Cameron [mailto:CCano@thompsoncoe.com]
**Sent:** Monday, January 13, 2020 1:33 PM
**To:** Graham Sutliff <gsutliff@sutliffstout.com>
**Cc:** Otto, Jeff <jotto@thompsoncoe.com>; Vivian Yung <vivian@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>
**Subject:** Re: Stickley Neill Matter - Inspection of Stickley Vehicle on Monday

We did. Leaving the facility now. Thanks.

Cameron R. Cano

> On Jan 13, 2020, at 1:18 PM, Graham Sutliff <gsutliff@sutliffstout.com> wrote:
>
>
> Cameron-
>
> Did you all get what you needed from the Stickley vehicle today?
>
> Graham
>
> **From:** Cano, Cameron [mailto:CCano@thompsoncoe.com]
> **Sent:** Friday, January 10, 2020 12:35 PM
> **To:** Graham Sutliff <gsutliff@sutliffstout.com>
> **Cc:** Otto, Jeff <jotto@thompsoncoe.com>; BILL BLANTON <bdblantonlaw@gmail.com>; Villasenor, Lisa <LVillasenor@thompsoncoe.com>; Armistead, Kiyomi <KArmistead@thompsoncoe.com>; Henson, Kerry <KHenson@thompsoncoe.com>; Jenna Brooks <jenna@sutliffstout.com>; Leigh Joseph <ljoseph@sutliffstout.com>; Vivian Yung <vivian@sutliffstout.com>
> **Subject:** RE: Stickley Neill Matter - Inspection of Stickley Vehicle on Monday
>
> Thanks Graham. Will do.
>
> --
>
> | Cameron Cano
> | 701 Brazos, Suite 1500, Austin, TX 78701
> | o: 512-703-5088
> | bio • vCard • web
>
> **From:** Graham Sutliff <gsutliff@sutliffstout.com>
> **Sent:** Friday, January 10, 2020 12:31 PM

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KIRK STICKLEY and MARY STICKLEY, Individually and on behalf of the ESTATE OF E.R.S., a deceased minor, | § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO.  1:21-cv-768-JRN |
| **vs.** | § § | |
| | § | **JURY DEMANDED** |
| DOREL JUVENILE GROUP, INC., a foreign corporation, and DOREL INDUSTRIES, INC., a foreign corporation | § § § § | |
| *Defendants*. | § § § § § | |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DOREL JUVENILE GROUP, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

TO:   Defendant Dorel Juvenile Group, Inc., by and through its attorneys of record, William L. Mennucci, Thompson, Coe, Cousins & Irons, LLP, 701 Brazos, Suite 1500, Austin, Texas 78701, Deborah J. Bullion, Gascoyne & Bullion, P.C., 77 Sugar Creek Center Blvd., Ste. 280, Sugar Land, TX 77478, and Jonathan Judge, Schiff Hardin, 233 S Wacker Dr #7100, Chicago, IL 60606.

**REQUEST FOR PRODUCTION NO. 1:**        Any statement made by any representative of Defendant Dorel Juvenile Group, Inc. that You contend relates to the subject matter of this litigation.

**RESPONSE:**

    Objection. Plaintiffs object to this request because it is overly broad and unduly burdensome. Moreover, this request seeks core attorney work product and privilege information. Plaintiffs do not possess any statements made by representatives of Dorel Juvenile Group, Inc. in relation to the subject accident or this lawsuit. There are, however, statements made by Dorel Juvenile Group, Inc. representatives in the form of press releases, prior testimony, and various publications that are equally available to Dorel Juvenile Group, Inc. and already in their possession. To the extent this request is seeking to identify which of these various statements have

1

**Exhibit 12**

been retained by counsel for Plaintiff and held for possible use in this case, then this request seeks core attorney work product and thought processes that are protected.

**REQUEST FOR PRODUCTION NO. 2:** "Witness Statements" of all persons with knowledge of relevant facts. TRCP 192.3(h).

**RESPONSE:**

*See* the witness statements previously produced and documents contained in Disclosure Folder 2.

**REQUEST FOR PRODUCTION NO. 3:** All correspondence, e-mails, memoranda or other similar documents which relate to any contact between you or someone acting on your behalf and any representative of any of Dorel Juvenile Group, Inc. in regard to the incident in question or any other matter involving this lawsuit.

**RESPONSE:**

None, other than the lawsuit itself and the communications amongst counsel representing the parties in this case.

**REQUEST FOR PRODUCTION NO. 4:** Medical records, reports, narratives and medical bills relating to any medical treatment received by any plaintiff as a result of any injuries claimed to have been received in the Accident made the basis of your lawsuit.

**RESPONSE:**

*See* medical records and billing records provided in Disclosure Folder 1 and 2.

**REQUEST FOR PRODUCTION NO. 5:** Your personnel file, payroll records, check stubs, canceled checks and other similar documents which support your claim for loss of earning capacity. In the alternative, please execute the attached release related to such records.

**RESPONSE:**

Plaintiffs will supplement.

**REQUEST FOR PRODUCTION NO. 6:** All diaries, notes, memoranda, calendars, social media postings and messages or other writings created, kept or maintained by you which

relate to the Accident in question and/or any injuries or damages which you claim resulted therefrom.  Note: This request does not include any privileged attorney/ client communications.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 7:**        Please    execute    a    current    medical authorization form which is attached hereto to enable Defendant to obtain copies of medical records.

**RESPONSE:**

Plaintiffs will produce copies of their medical records and bills related to the subject occurrence.

**REQUEST FOR PRODUCTION NO. 8:**        All records, documents, bills, receipts or other writings which pertain, relate or evidence any out-of-pocket expense for damages claims asserted by you against Defendant.

**RESPONSE:**

Plaintiffs will supplement.

**REQUEST FOR PRODUCTION NO. 9:**        All notice letters or other written complaints sent by or on behalf of you to any of the Defendants regarding the incident in question.

**RESPONSE:**

*See* documents contained in Disclosure Folder 2 as well as last live complaint and any prior complaints.

**REQUEST FOR PRODUCTION NO. 10:**        All letters or other documents sent to you in response to your letters or complaints described in the preceding request.

**RESPONSE:**

*See* documents contained in Disclosure Folder 2 and responsive pleadings filed by Defendant.

3

**REQUEST FOR PRODUCTION NO. 11:**      Complete, signed copies of your federal income tax returns for the years 2015 through to the present.  In the alternative, please execute the attached release related to those records.

**RESPONSE:**

    Plaintiffs will supplement.

**REQUEST FOR PRODUCTION NO. 12:**      Any and all photographs, cell phone photos, videotapes and/or films in the possession of you, your attorney or any other person acting on your behalf relating or in any way referring to the Accident made the basis of this lawsuit, including, but not limited to, the vehicles/truck involved, the scene of the Accident, injuries allegedly sustained, the subject Child Restraint System, etc. This includes any videos taken of E.R.S. taken on the day of the Accident.

**RESPONSE:**

    *See* materials produced in Plaintiffs' Disclosure Folders 1 & 2.

**REQUEST FOR PRODUCTION NO. 13:**      Any and all claim forms, proofs of claim or any other forms filled out by you to insurance companies relating to the injuries or damages asserted by you herein.

**RESPONSE:**

    *See* materials produced in Plaintiffs' Disclosure Folder 2.

**REQUEST FOR PRODUCTION NO. 14:**      All wage statements, IRS records, wage loss verification statements or other writings which pertain, relate or evidence any loss of earning or wages as a result of the Accident in question.

**RESPONSE:**

    Plaintiffs will supplement.

**REQUEST FOR PRODUCTION NO. 15:**      Please produce a copy of your social security earnings history for the years 2010 through to the present.  In the alternative, please execute the attached release related to such records.

**RESPONSE:**

Plaintiffs will provide a Release and will supplement.

**REQUEST FOR PRODUCTION NO. 16:**    Please produce all documents evidencing any and all payments made to you or on your behalf on account of any insurance.

**RESPONSE:**

Plaintiffs will supplement any relevant documents.

**REQUEST FOR PRODUCTION NO. 17:**    Please produce all documents evidencing any and all payments made to you or on your behalf by all persons or legal entities who have a subrogation interest and/or lien in the cause of action set forth in your complaint, including but not limited to any hospital, Medicaid claims or liens.

**RESPONSE:**

Objection. This request is overly broad and burdensome. Plaintiffs will produce their medical and billing records, which would contain in various location evidence of payments for medical care which may or may not have been made by an entity, insurer, or agency that may or may not possess a legally valid lien or subrogation interest in this matter.

**REQUEST FOR PRODUCTION NO. 18:**    A copy of any and all explanation of benefits you have received from your insurance company regarding any medical expenses you allege are relevant to this Accident, and any notices of liens from any lienholder who claims a reimbursement interest arising out of this Accident.

**RESPONSE:**

To the extent any documents exist and are in the possession, custody or control of Plaintiffs, Plaintiffs will supplement.

**REQUEST FOR PRODUCTION NO. 19:**    Any and all documents reflecting the payment of Plaintiffs' medical bills or expenses related to the Accident in question.

**RESPONSE:**

Objection. This request is overly broad and burdensome. Plaintiffs will produce their medical and billing records, which would contain in various location evidence of payments for medical care which may or may not have been made by an entity, insurer, or agency that may or may not possess a legally valid lien or subrogation in this matter.

5

**REQUEST FOR PRODUCTION NO. 20:**      A copy of any and all correspondence between you and/or any representative acting on your behalf with regard to payment of medical expenses you claim to have incurred as a result of this Accident, including but not limited to any letters of protection or other similar correspondence sent by your attorneys to health care providers.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 21:**      Any and all documents reflecting any communications between Plaintiffs and Medicare, any Medicare Secondary Payer contractor, any Medicare Advantage Plan or the Centers for Medicare and Medicaid Services.

**RESPONSE:**

Plaintiffs object to the extent this request seeks to invade the attorney/client privilege or seeks information that is protected attorney work product. Plaintiffs' counsel will provide a copy of any letter from Medicare or Medicaid noting a lien or subrogation amount to the extent those documents exist.

**REQUEST FOR PRODUCTION NO. 22:**      All pleadings, discovery, motions, orders, and judgments filed or served in any other lawsuit or legal proceeding arising out of or relating to the Accident.

**RESPONSE:**

Plaintiffs object to this request as over broad and not proportional to the Parties' claims and defenses. Further, all pleadings and motions and orders are public record and equally available to Defendant relating to Cause CV08805 previously pending in the 33rd Judicial District of Blanco County, Texas.

**REQUEST FOR PRODUCTION NO. 23:**      All documents containing or referring to any type of "Mary Carter" agreement, settlement, compromise or agreement of cooperation between you and any other party or non-party regarding the allegations, claims, or alleged damages or losses you have made in this lawsuit.

**RESPONSE:**

Plaintiffs will supplement any relevant documents.

6

**REQUEST FOR PRODUCTION NO. 24:**     All documents, photographs, and videos describing, depicting, or referring to the Accident or the scene of the Accident. This Request is intended to include all documents created or produced by any person, entity, public regulatory or law enforcement agency concerning the Accident, including any photographs, recordings, police or Accident reports, investigative reports, witness statements, memoranda, or other attachments thereto, as well as all copies of newspaper articles, interviews, investigative reports, investigative stories, or media broadcasts or stories concerning the Accident, the Child Restraint System, the Vehicle, or subsequent events related to the Accident.

**RESPONSE:**

*See* materials produced in Plaintiffs' Disclosure Folders 1 & 2.

**REQUEST FOR PRODUCTION NO. 25:**     Registration, proof of insurance, and any other documents related to insurance for the Vehicle.

**RESPONSE:**

To the extent these documents exist and are in the possession, custody and control of Plaintiffs, Plaintiffs will supplement.

**REQUEST FOR PRODUCTION NO. 26:**     All photographs and videos of the Vehicle that were taken any time prior to or following the Accident.

**RESPONSE:**

*See* Plaintiffs' Disclosure Folders 1 & 2.

**REQUEST FOR PRODUCTION NO. 27:**     Any document, manual, instruction book, or other literature that accompanied the Vehicle at the time You acquired possession of it.

**RESPONSE:**

The Owner's Manual for the subject vehicle is available on-line to Defendant. Plaintiffs do not possess any of the other documents requested.

**REQUEST FOR PRODUCTION NO. 28:**     Any manual or instruction book referring to the Vehicle that You acquired at any time.

**RESPONSE:**

7

The Owner's Manual for the subject vehicle is available on-line to Defendant.

**REQUEST FOR PRODUCTION NO. 29:**        All documents referring or relating to any repairs to, malfunction of, or alterations or modifications made to the Vehicle.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 30:**        The Vehicle, all of its component parts, and all items that were inside the vehicle at the time of the Accident, at a mutually convenient time and place.

**RESPONSE:**

According to the crash report, the vehicle was towed to Comal Towing, 519 1st Street, Blanco, TX 78606. As far as Plaintiff understands, the vehicle was in the possession of Plaintiff's insurance carrier, USAA, thereafter.

**REQUEST FOR PRODUCTION NO. 31:**        Any other vehicle involved in the Accident, along with its component parts and items inside that vehicle, at a mutually convenient time and place.

**RESPONSE:**

Plaintiffs do not have care, custody, or control over any other vehicle involved in the subject accident and do not know where the vehicle is located.

**REQUEST FOR PRODUCTION NO. 32:**        All correspondence, e-mails, memoranda or other similar documents which relate to any contact between you or someone acting on your behalf and any representative of Defendant in regard to the Accident in question or any other matter involving this lawsuit.

**RESPONSE:**

*See* materials produced in Plaintiffs' Disclosure Folders 2.

**REQUEST FOR PRODUCTION NO. 33:**        All documents identified in Plaintiffs Kirk Stickley and Mary Stickley on behalf of the Estate of E.R.S.'s answer to interrogatory number 4.

8

**RESPONSE:**

Objection. Plaintiffs object to this request because it seeks a legal opinion and is overly broad and unduly burdensome. Moreover, this request seeks core attorney work product and privilege information. Plaintiffs would identify all documents in Plaintiffs' Disclosure Folder 1 and 2, statements made by Dorel Juvenile Group, Inc. representatives in the form of press releases, prior testimony, and various publications that are equally available to Dorel Juvenile Group, Inc. and various documents produced in prior litigation that is already in Dorel's possession.

**REQUEST FOR PRODUCTION NO. 34:**        All documents identified in Plaintiffs Kirk Stickley and Mary Stickley on behalf of the Estate of E.R.S.'s answer to interrogatory number 5.

**RESPONSE:**

Objection. Plaintiffs object to this request because it seeks a legal opinion and is overly broad and unduly burdensome. Moreover, this request seeks core attorney work product and privilege information. Plaintiffs would identify all documents in Plaintiffs' Disclosure Folder 1 and 2, statements made by Dorel Juvenile Group, Inc. representatives in the form of press releases, prior testimony, and various publications that are equally available to Dorel Juvenile Group, Inc. and various documents produced in prior litigation that is already in Dorel's possession.

**REQUEST FOR PRODUCTION NO. 35:**        All documents identified in Plaintiffs Kirk Stickley and Mary Stickley on behalf of the Estate of E.R.S.'s answer to interrogatory number 6.

**RESPONSE:**

Objection. Plaintiffs object to this request because it seeks a legal opinion and is overly broad and unduly burdensome. Moreover, this request seeks core attorney work product and privilege information. Plaintiffs would identify all documents in Plaintiffs' Disclosure Folder 1 and 2, statements made by Dorel Juvenile Group, Inc. representatives in the form of press releases, prior testimony, and various publications that are equally available to Dorel Juvenile Group, Inc. and various documents produced in prior litigation that is already in Dorel's possession.

**REQUEST FOR PRODUCTION NO. 36:**        All documents identified in Plaintiffs Kirk Stickley and Mary Stickley on behalf of the Estate of E.R.S.'s answer to interrogatory number 7.

**RESPONSE:**

Objection. Plaintiffs object to this request because it seeks a legal opinion and is overly broad and unduly burdensome. Moreover, this request seeks core attorney work product and

privilege information. Plaintiffs would identify all documents in Plaintiffs' Disclosure Folder 1 and 2, statements made by Dorel Juvenile Group, Inc. representatives in the form of press releases, prior testimony, and various publications that are equally available to Dorel Juvenile Group, Inc. and various documents produced in prior litigation that is already in Dorel's possession.

**REQUEST FOR PRODUCTION NO. 37:**     All statutes, standards, regulations, laws, etc. that you have identified in response to interrogatory number 13.

**RESPONSE:**

The request is premature as discovery is just beginning and Dorel has failed to produce any relevant documents in response to its Disclosure Requirements or otherwise. Plaintiffs will supplement any relevant information that is revealed in discovery.

**REQUEST FOR PRODUCTION NO. 38:**     Any vehicle event data recorder information, GPS, etc downloaded from any of the vehicles involved in the subject crash.

**RESPONSE:**

*See* documents contained in Disclosure Folder 2.

**REQUEST FOR PRODUCTION NO. 39:**     All documents, photographs, or videos that show or otherwise principally or materially refer or relate to the Child Restraint System.

**RESPONSE:**

*See* documents contained in Disclosure Folder 2.

**REQUEST FOR PRODUCTION NO. 40:**     All documents concerning the transaction whereby You initially acquired the Child Restraint System. This includes previous or subsequent owners.

**RESPONSE:**

None. Plaintiff's banking records do not go back to that time period.

**REQUEST FOR PRODUCTION NO. 41:**     Any document, manual, instruction book, or other literature that accompanied the Child Restraint System at the time You acquired possession of it.

**RESPONSE:**

The Owner's Manual for the subject car seat is available on-line to Defendant. Plaintiff is unaware of the current location of any document, manual, instruction book, or other literature that accompanied the Child Restraint System at the time Plaintiffs acquired possession of it.

**REQUEST FOR PRODUCTION NO. 42:.**      Any other manual or instruction book referring to the Child Restraint System that You acquired at any time.

**RESPONSE:**

The Owner's Manual for the subject car seat is available on-line to Defendant. Plaintiffs do not possess any of the other documents requested.

**REQUEST FOR PRODUCTION NO. 43:.**      All documents referring or relating to any repairs to, malfunction of, or alterations or modifications made to the Child Restraint System.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 44:.**      All documents that refer or relate to any inspection, examination, investigation, or analysis of the Child Restraint System.

**RESPONSE:**

*See* Disclosure Folder 2.

**REQUEST FOR PRODUCTION NO. 45:.**      All literature, tests, studies, reports or other documents which principally or materially support Your allegation that the Child Restraint System was defective in any manner.

**RESPONSE:**

Plaintiffs object to this request to the extent it seeks to invade the work-product privilege and consulting expert privilege. Further, to the extent this request seeks information from testifying experts, it is improper. *See* Fed. R. Civ. P. 26. Moreover, this request is overly broad and requires the disclosure of attorney work product by revealing counsel's thought process concerning what materials do or do not relate to Plaintiffs' claims. Discovery has just begun, and Plaintiffs are gathering relevant materials and will continue to provide additional responsive materials, if any.

Plaintiffs will provide expert disclosures, which may include responsive information, in accordance with the Court's orders and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 46:.**      All drawings, graphics, specifications, standards, tests, or other documents which describe or depict any alternate design You contend should have been utilized on the Child Restraint System.

**RESPONSE:**

Plaintiffs object to this request to the extent it seeks to invade the work-product privilege and consulting expert privilege. Further, to the extent this request seeks information from testifying experts, it is improper. *See* Fed. R. Civ. P. 26. Moreover, this request is overly broad and requires the disclosure of attorney work product by revealing counsel's thought process concerning what materials do or do not relate to Plaintiffs' claims. Discovery has just begun, and Plaintiffs are gathering relevant materials and will continue to provide additional responsive materials, if any. Plaintiffs will provide expert disclosures, which may include responsive information, in accordance with the Court's orders and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 47:.**      All documents that principally or materially support Your contention that the Child Restraint System was defectively marketed or sold.

**RESPONSE:**

Plaintiffs object to this request to the extent it seeks to invade the work-product privilege and consulting expert privilege. Further, to the extent this request seeks information from testifying experts, it is improper. *See* Fed. R. Civ. P. 26. Moreover, this request is overly broad and requires the disclosure of attorney work product by revealing counsel's thought process concerning what materials do or do not relate to Plaintiffs' claims. Discovery has just begun, and Plaintiffs are gathering relevant materials and will continue to provide additional responsive materials, if any. Plaintiffs will provide expert disclosures, which may include responsive information, in accordance with the Court's orders and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 48:.**      A copy of any warning or instruction You contend should have been utilized with the Child Restraint System, along with any tests, studies, literature or other documents which principally or materially support Your allegation that any such warning or instruction would have reduced or eliminated any injuries suffered in the Accident.

**RESPONSE:**

12

Plaintiffs object to this request to the extent it seeks to invade the work-product privilege and consulting expert privilege. Further, to the extent this request seeks information from testifying experts, it is improper. *See* Fed. R. Civ. P. 26. Moreover, this request is overly broad and requires the disclosure of attorney work product by revealing counsel's thought process concerning what materials do or do not relate to Plaintiffs' claims. Discovery has just begun, and Plaintiffs are gathering relevant materials and will continue to provide additional responsive materials, if any. Plaintiffs will provide expert disclosures, which may include responsive information, in accordance with the Court's orders and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 49:.**     The Child Restraint System and all of its component parts and original packaging at a mutually convenient time and place.

**RESPONSE:**

Dorel was provided notice of the accident and afforded an opportunity to participate in an inspection of the subject Child Restraint System and all of its component parts in September 2019. Dorel agreed to an inspection protocol of the subject Child Restraint System and all of its component parts and proceeded to physically inspect the Child Restraint System. Dorel also participated in an investigation into the subject accident and Child Restraint System and all of its component parts with the National Highway Traffic Safety Administration (NHTSA). To the best of Plaintiff's knowledge, the Child Restraint was last in the possession of the Sutliff Stout law firm. Upon information and belief, it is Plaintiffs' understanding the Sutliff Stout law firm no longer has possession of the Child Restraint System.

**REQUEST FOR PRODUCTION NO. 50:.**     Exemplars of all child car seats or child car seat instructions, regardless of design, that both
    (a)    were being sold in the United States at the time the Child Restraint System was manufactured, and (b) You contend would have prevented or reduced E.R.S.'s injuries in the Accident. This Request is intended to include copies of all instruction books or labels used by manufacturers of other child restraint systems which contain warnings You contend DJG failed to give.
    (b)

**RESPONSE:**

Plaintiffs object to this request to the extent it seeks to invade the work-product privilege and consulting expert privilege. Further, to the extent this request seeks information from testifying experts, it is improper. *See* Fed. R. Civ. P. 26. Moreover, this request is overly broad and requires the disclosure of attorney work product by revealing counsel's thought process concerning what materials do or do not relate to Plaintiffs' claims. Discovery has just begun, and Plaintiffs are gathering relevant materials and will continue to provide additional responsive materials, if any.

Plaintiffs will provide expert disclosures, which may include responsive information, in accordance with the Court's orders and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 51:.**      Any documentation you have regarding the location of, status of and/or inspection to date of any of the vehicles involved in the Accident made the basis of this lawsuit.

**RESPONSE:**

   *See* documents contained in Disclosure Folder 1 and 2.

**REQUEST FOR PRODUCTION NO. 52:.**      E.R.S.'s birth certificate.

**RESPONSE:**

   Plaintiffs will supplement.

**REQUEST FOR PRODUCTION NO. 53:.**      Photographs of E.R.S. depicting her physical condition taken in the year before the subject Accident.

**RESPONSE:**

   *See* documents contained in Disclosure Folder 1.

**REQUEST FOR PRODUCTION NO. 54:.**      Photographs of E.R.S. in the subject Child Restraint System taken before the subject Accident.

**RESPONSE:**

   None.

**REQUEST FOR PRODUCTION NO. 55:** All medical, psychological, education, social services, and child care records for E.R.S., including but not limited to birth and well-care records.

**RESPONSE:**

   *See* documents contained in Disclosure Folder 1.

**REQUEST FOR PRODUCTION NO. 56:** Your cell phone records showing all calls and text messages sent or received on the date of the Accident and the three days before and after the Accident.

**RESPONSE:**

Objection. This request is over broad and not proportional to any claim or defense. Further, this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, it is invasive of the privacy rights of Plaintiffs.

**REQUEST FOR PRODUCTION NO. 57:** Any and all cell phone records, emails, computer files, text messages, picture messages, or any other electronic documents of whatsoever kind that are related to and relevant to the incident and/or the litigation including but not limited to any such documents regarding the Accident, allegations of negligence, or your claimed damages in this case.

**RESPONSE:**

Plaintiffs object to this request to the extent it is overly broad, unduly burdensome, and seeks materials that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object to this request to as seeking privileged materials, and to the extent it seeks to invade the work-product privilege and consulting expert privilege. Additionally, this request requires the disclosure of attorney work product by revealing counsel's thought process concerning what materials do or do not relate to Plaintiffs' claims. See the previously produced Disclosure 1 and Disclosure 2, containing responsive materials. Discovery has just begun, and Plaintiffs are gathering relevant materials and will continue to provide additional responsive materials, if any. Plaintiffs will provide expert disclosures, which may include responsive information, in accordance with the Court's orders and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 58:** All documents related to other incidents You contend are similar to the subject incident in any way.

Plaintiffs object to this request to the extent it seeks to invade the work-product privilege and consulting expert privilege. Further, to the extent this request seeks information from testifying experts, it is improper. *See* Fed. R. Civ. P. 26. Moreover, this request is overly broad, unduly burdensome, and requires the disclosure of attorney work product by revealing counsel's thought process concerning what materials do or do not relate to Plaintiffs' claims. Discovery has just begun, and Plaintiffs are gathering relevant materials and will continue to provide additional responsive materials, if any. Plaintiffs will provide expert disclosures, which may include responsive information, in accordance with the Court's orders and the Federal Rules of Civil

Procedure. For responsive information to this request, please see the documents contained in Disclosure Folder 2.

**REQUEST FOR PRODUCTION NO. 59:.**      All documents filed with the Social Security Administration in relation to injuries sustained in the Accident.

**RESPONSE:**

  None.

**REQUEST FOR PRODUCTION NO. 60:.**      All documents received from any third party (including a government agency) relating to the Child Restraint System, the Accident, the vehicles involved in the Accident, or otherwise relating to the subject matter of the lawsuit.

**RESPONSE:**

  *See* documents contained in Disclosure Folder 1 and 2.

**REQUEST FOR PRODUCTION NO. 61:.**      All documents sufficient to identify to any other lawsuit, bankruptcy proceedings, criminal proceeding, disability or workers compensation, including but not limited to any citations or proceedings arising out of the Accident.

**RESPONSE:**

  The other lawsuit stemming from this accident is publicly available. The Cause No. was CV08805 and was pending in the 33rd Judicial District Court of Blanco County, Texas.

**REQUEST FOR PRODUCTION NO. 62:.**      All documents identified, referenced, or relied upon by You in response to any other party's discovery requests made in this case.

**RESPONSE:**

  Responsive materials are contained in Plaintiffs' Disclosure Folder 1 & 2.

**REQUEST FOR PRODUCTION NO. 63:.**      All photographs and videos of the subject Child Restraint System taken any time prior to or following the Accident.

**RESPONSE:**

  *See* Disclosure Folder 1 and 2.

16

Respectfully Submitted,

**HOSSLEY & EMBRY, LLP**

By: */s/ Jeffrey T. Embry*
Jeffrey T. Embry
State Bar No. 24002052
jeff@hossleyembry.com
Christopher P. Peirce
State Bar No. 24046604
cpeirce@hossleyembry.com
515 S. Vine Ave.
Tyler, TX 75702
(903) 526-1772
(903) 526-1773 (fax)

**ATTORNEYS FOR PLAINTIFFS
KIRK AND MARY STICKLEY,
INDIVIDUALLY, AND ON BEHALF OF
THE ESTATE OF E.R.S.**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record consistent with the Federal Rules of Civil Procedure on this 9th day of March 2022.

*/s/ Jeffrey T. Embry*
Jeffrey T. Embry



05-102
(Rev.9-15/33)
FORM

**Texas Franchise Tax Public Information Report**

*To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),*
*Professional Associations (PA) and Financial Institutions*

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | | | | | | | | | | ■ Report year | | | | *You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Taxpayer number:** 3 2 0 3 4 2 9 5 9 3 4
**Report year:** 2 0 2 2

| Taxpayer name | ■ ◯ Blacken circle if the mailing address has changed. |
|---|---|
| SUTLIFF & STOUT, PLLC | |

| Mailing address | | |
|---|---|---|
| 9433 BEE CAVE RD BLDG III STE 200 | | |

| City | State | ZIP code plus 4 | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|---|
| AUSTIN | TX | 78733 | 0800909307 |

◯ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 9433 BEE CAVE RD BLDG III STE 200, AUSTIN, TX, 78733 |

| Principal place of business |
|---|
| 9433 BEE CAVE RD BLDG III STE 200, AUSTIN, TX, 78733 |

*You must report officer, director, member, general partner and manager information as of the date you complete this report.*

1000000000015

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

**SECTION A**   Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| GRAHAM E SUTLIFF | MEMBER | ◯ YES | | | |

| Mailing address | City | State | ZIP code |
|---|---|---|---|
| 9433 BEE CAVE RD BLDG III ST | AUSTIN | TX | 78733 |

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| WILLIAM H STOUT | MEMBER | ◯ YES | | | |

| Mailing address | City | State | ZIP Code |
|---|---|---|---|
| 58 EAST BROAD OAKS DRIVE | HOUSTON | TX | 77056 |

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| | | ◯ YES | | | |

| Mailing address | City | State | ZIP Code |
|---|---|---|---|
| | | | |

**SECTION B**   Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| 4791 CAPITAL HOLDINGS, LLC | TX | 0803448854 | 100.000 |
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**   Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | *You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.* |
|---|---|

Agent:   **WILLIAM H STOUT**

| Office: | 58 EAST BROAD OAKS DRIVE | City | HOUSTON | State | TX | ZIP Code | 77056 |
|---|---|---|---|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here▶ | WILLIAM H STOUT | Title | MEMBER | Date | 03/14/2022 | Area code and phone number | ( 512 ) 616 - 2224 |
|---|---|---|---|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ◯ | PIR IND | ◯ |
|---|---|---|---|

**Exhibit 13**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **KIRK STICKLEY and MARY STICKLEY, Individually and on behalf of the ESTATE OF E.R.S., a deceased minor,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:21-cv-768-JRN** |
| **Dorel JUVENILE GROUP, INC., a foreign corporation, and Dorel INDUSTRIES, INC., a foreign corporation,** | § § § § | |
| **Defendants.** | § | |

**ORDER**

Before the Court is non-party Sutliff & Stout, PLLC's Motion to Quash Subpoena (Dkt. __). The Court is of the opinion that the Motion should be granted.

**It is therefore ORDERED** that non-party Sutliff & Stout, PLLC's Motion to Quash Subpoena is **GRANTED**, and the subpoena issued on January 18, 2023, is hereby quashed. Defendants Dorel Juvenile Group, Inc. and Dorel Industries, Inc. are prohibited from attempting to issue any further subpoenas to Sutliff & Stout, PLLC or any of its members, agents, or employees.

SIGNED this ___ day of February, 2023.

_____
JUDGE PRESIDING