IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KIRK STICKLEY and MARY STICKLEY, Individually and on behalf of the ESTATE OF E.R.S., a deceased minor, | § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | CIVIL ACTION NO. 1:21-cv-768 |
| DOREL JUVENILE GROUP, INC., a foreign corporation, and DOREL INDUSTRIES, INC., a foreign corporation | § § § § § | |
| *Defendants*. | § | |

## DOREL JUVENILE GROUP, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs present no evidence that DJG acted with gross negligence during the only relevant time period under Texas law: <u>at the time that DJG manufactured the Stickleys' Grow-n-Go</u>. Tex. Civ. Prac. & Rem. Code 41.001(11)(A). DJG's knowledge at that time—February 17, 2017, i.e. "*the time of the occurrence*" per Section 41.001(11)(A)—is the only knowledge that matters for any possible award of exemplary damages.

In their response, Plaintiffs do not attempt to negate, and cannot negate, these undisputed material facts:

- Jeya Padamanaban discovered problems with the Henary study in 2016, which had been the leading study supporting rear-facing usage for children up to age 2 (B. Hoffman Dep, pp. 33-35, Ex. 6);

- DJG ran experimental testing at the Calspan laboratory in January 2017 ("the Calspan tests") that showed significant and unique head injury risks to a rear-facing seating position for children between 12 and 23 months due to interaction with the front seats of automobiles (*Id.* pp. 39-41);

1

- DJG manufactured the Stickleys' Grow-n-Go on February 17, 2017 (*Id.* at 42);

- The Stickleys' Grow-n-Go complied with Federal Motor Vehicle Safety Standard 213, which provides its own restrictions on when children may be forward- versus rear-facing (Sicher Dep. pp. 114-15, Ex. 3);

- Up until the Padmanaban study, DJG had begun to require children who were two years of age to be forward-facing in the Grow-n-Go, and was an industry leader in instituting that requirement. (Mot. Ex. 6, p. 32.)

- As of February 17, there was now disagreement among experts about the safety of forward-facing versus rear-facing for children between 12 and 23 months. (Mot. Ex. 6, pp. 42–43.)

- Even after switching back to a one-year minimum to be forward-facing, DJG still advised Plaintiffs that a leading safety organization recommended being rear-facing until at least age 2, and advised that they speak to their child's doctor before changing orientations in the Grow-n-Go. (Ex. 1, PDF p. 2.)

Because Plaintiffs can't challenge the undisputed *material* facts, Plaintiffs throw the proverbial spaghetti at the wall, covering a 14-year time period that both predates Ms. Padamanaban's 2016 research findings (which created the disagreement among experts) and postdates the manufacture of the Grow-n-Go (which is irrelevant as a matter of law). Plaintiffs complain about the material facts from the relevant time period, but they do not dispute them, and this is telling. These undisputed *material* facts foreclose exemplary damages because at most Plaintiffs disagree with the strength of actions that DJG *indisputably took* (rather than ignored) on rear-facing versus forward-facing safety.

Plaintiffs' claims for pain and suffering damages also warrant summary judgment, because Dr. Collier is a dentist and is neither capable of or nor did render a medical opinion that contradicts the undisputed medical opinions that E.R. could never have been conscious due to her spinal cord injury, nor could she have possibly felt pain.

I.  **Plaintiffs Cannot Show by Clear & Convincing Evidence That DJG Acted with Conscious Indifference at the Time It Manufactured E.R.'s Grow-n-Go.**

Texas' gross negligence statute requires Plaintiffs to show a defendant acted with "conscious indifference" *at the time of the occurrence*. Tex. Civ. Rem. Prac. Code § 41.001(11)(A). Not 8 years before the occurrence at issue or 5 years after—as Plaintiffs attempt to argue in their response brief—but "at the time of the occurrence," which in this case is the date that DJG manufactured the Stickleys' Grow-n-Go, February 17, 2017.

A.  **Plaintiffs Cannot Defeat Summary Judgment By Referencing Immaterial Facts from Other Time Periods.**

Facts that postdate the February 17, 2017 manufacture of the CRS are irrelevant, because in addition to the requirement that exemplary damages focus only on conscious indifference "at the time of the occurrence," Texas law does not recognize a post-sale duty to warn. *McLennan v. American Eurocopter Corp.*, 245 F.3d 403, 430 (5th Cir. 2001.) Plaintiffs do not dispute this. "A grant of summary judgment is not precluded by a dispute as to immaterial fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1132 n.12 (5th Cir. 1992).

Plaintiffs do not dispute their own expert's admission that there was a new disagreement among experts at the time K.R.'s car seat was manufactured as to what was safest for children of E.R.'s age. As such, exemplary damages are inappropriate. *See also Transportation Insurance Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994); *Satcher v. Honda Motor Co.*, 52 F.3d 1311 (5th Cir. 1995). Furthermore, DJG complied with applicable federal standards intended to address rear-facing hazards, which further rebuts any inference of exemplary damages and entitles DJG to a presumption of non-defectiveness. (Mot. p. 9.)

B. <u>Plaintiffs' Remaining Arguments Fail To Establish A Genuine Issue of Material Fact as to Exemplary Damages.</u>

Plaintiffs' arguments regarding the *Hinson* order and verdict and the subsequent publication status of Ms. Padmanaban's research are also immaterial. The instruction manual for the car seat in the *Hinson* case did not mention rear-facing versus forward-facing usage at all, which allowed those Plaintiffs to allege conscious indifference to the issue. The Grow-n-Go car seat, on the other hand, manufactured after that verdict, explicitly addressed the issue, advising parents that the American Academy of Pediatrics recommended keeping children rear-facing until at least age 2 and to speak to their doctor before changing directions. DJG denies that *Hinson* provided notice of anything, aside from the fact that juries sometimes get it wrong, but if it did, DJG indisputably responded. As the Texas Supreme Court explained, in rejecting exemplary damages: "[Defendant's] efforts to protect against those dangers were imperfect; they may have been negligent. But there is no evidence that [Defendant] was unconcerned." *Diamond Shamrock v. Hall*, 168 S.W.2d 164, 172 (Tex. 2005).

In addition, DJG had to grapple with the Padmanaban study, which Plaintiffs agree was correct at least in finding that the leading study favoring rear-facing usage (Henary) was wrong; and (2) DJG's new sled testing at Calspan, which occurred months after the *Hinson* verdict, and also found previously undisclosed risks of being rear-facing. Plaintiffs' complaints about later publication of Ms. Padmanaban's findings postdates the manufacture of Plaintiffs' Grow-n-Go child restraint, and are irrelevant.

Plaintiffs are welcome to disagree with DJG's choice, but Plaintiffs' personal

4

disagreement with the *strength* of the advisory DJG *indisputably provided* cannot be clear and convincing evidence of "conscious indifference" to safety. When a company provides safety information, but a plaintiff feels it should have been somewhat different, that is a matter for compensatory damages, not exemplary damages. (Mot. p. 8.)

**II.     Plaintiffs' Claim For Pain/Suffering Damages Fails Because Dr. Mary Collier Is A Dentist Who Lacks Foundation To Testify to Consciousness.**

Plaintiffs argue that the personal observations of Dr. Collier, a dentist who happened to be at the scene, somehow trump undisputed medical facts about E.R.'s inability to be conscious or feel pain. Dr. Collier is not providing competent medical testimony regarding whether E.R. was conscious after her injuries, and Plaintiffs offer no foundation for such an opinion. *See, e.g.*, *Staley v. United States*, 2022 WL 1014909, at *7 (D. Utah, 2022) (noting that dentist not qualified to address cardiovascular disease and other medical conditions outside realm of dentistry). *See also Cleveland ex rel. Cleveland v. United States*, 457 F.3d 397, 405-06 (5th Cir. 2006).

Unlike Dr. Sochor and Dr. Dana, Dr. Collier is not qualified to make medical opinions about the effect of a spinal cord injury. None of the EMTs ever saw signs of consciousness at the scene and the only two medical doctors to testify on the subject agree that E.R.'s injuries instantly caused unconsciousness and precluded any sensations of pain. (Mot. pp. 3, 6–7.) Dr. Collier's personal observations of E.R.'s raise no dispute of material fact, because the undisputed medical testimony is that E.R. could not feel pain and was never conscious. No witness, much less an unqualified one, may testify as to medical impossibilities. Accordingly, the claim for conscious pain and suffering must be

5

dismissed. *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1156-57 (5th Cir. 1981).

## CONCLUSION

Plaintiffs do not dispute DJG's Motion on Plaintiffs' design defect claim, so the motion in that respect should be granted. The Court should also grant the remainder of its Motion and dismiss Plaintiffs' claims for (1) gross negligence / exemplary damages; and (2) survival / conscious pain and suffering damages.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP

By: */s/ William L. Mennucci*
William L. Mennucci
Texas State Bar No. 00788042
2801 Via Fortuna, Suite, 300
Austin, Texas 78746
(512) 708-8200 (Telephone)
(512) 708-8777 (Facsimile)
bmennucci@thompsoncoe.com

Jonathan Judge (*pro hac vice)*
Jonathan P. Dean (*pro hac vice)*
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
(312) 258-5500 (Telephone)
(312) 258-5600 (Facsimile)
jonathan.judge@afslaw.com
jonathan.dean@afslaw.com

Deborah J. Bullion
Texas State Bar No. 03329100
GASCOYNE & BULLION, P.C.
77 Sugar Creek Center Blvd., Ste. 280
Sugar Land, Texas 77478
(281) 340-7000 (Telephone)
(281) 340-7001 (Facsimile)
dbullion@gbpclaw.com

**ATTORNEYS FOR DEFENDANT
DOREL JUVENILE GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jeffrey T. Embry
jeff@hossleyembry.com
Christopher P. Peirce
cpeirce@hossleyembry.com
Hossley Embry LLP
515 S. Vine Ave.
Tyler, Texas 75702

*/s/ William L. Mennucci*
William L. Mennucci