UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KIRK STICKLEY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF E.R.S., A DECEASED MINOR; AND MARY STICKLEY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF E.R.S., A DECEASED MINOR;** §§§§§§§ | Case No. A-21-CV-00768-JRN |
| *Plaintiffs* | |
| VS | |
| **DOREL JUVENILE GROUP, INC., A FOREIGN CORPORATION; AND DOREL INDUSTRIES, INC., A FOREIGN CORPORATION;** | |
| *Defendants* | |

**ORDER**

This order is to serve notice on the parties of certain pre-trial procedures, requirements, and deadlines. This case is scheduled for trial in the Courtroom of Judge Nowlin, 501 W. 5th Street, Austin, Texas 78701, 6th Floor at **9:00am** on **Monday, April 17, 2023**.

The Court has determined that, in order to effectuate an efficient trial process, a Pre-trial Conference is necessary. Accordingly, **IT IS ORDERED** that there will be a Pre-Trial Conference in Judge Nowlin's Chambers or Courtroom at **1:30 p.m.** on **Monday, April 3, 2023**.

**IT IS FURTHER ORDERED** that the Pre-trial Conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. In addition to counsel, party representatives with authority to negotiate a settlement and all other persons necessary to negotiate a settlement shall attend the conference.

Pursuant to Local Rule CV-16(e), parties anticipating an upcoming trial date must serve and file certain documents and information. Judge Nowlin may apply different deadlines for

those filings than the Local Rules indicate. Any filing required by Rule CV-16(e) that is not mentioned in this Advisory is not required.

**IT IS THEREFORE ORDERED** that <u>by no later than the start of the Pre-Trial Conference</u>, the parties shall have prepared and filed the following:

1. A list of questions the party desires the court to ask prospective jurors. Unless such inquiries are clearly pertinent to an issue in the case, the Court does not allow questions concerning potential jurors' religious, reading or entertainment viewing preferences.
2. An estimate of the probable length of trial, considering that time limits for trial will be imposed by the Court. The time limit applies to time used in the examination and cross examination of necessary witnesses, including (if admissible) presentation of deposition summaries. The Court sets separate time limits for the presentation of opening arguments, any allowed attorney Voir Dire, and closing arguments.

**IT IS FINALLY ORDERED** that <u>by no later than the start of Trial</u>, the parties shall have prepared and filed the following:

1. Any motions in limine.
2. An appropriate identification of each exhibit as specified in Rule CV-16 (except those to be used for impeachment only), separately identifying those that the party expects to offer and those that the party may offer if the need arises.
3. The name of those witnesses whose testimony is expected to be presented by means of a deposition summary. Except in unusual circumstances, the Court requires deposition testimony to be presented in summary form and does not allow the full reading of deposition testimony of unavailable witnesses. Deposition summaries must be provided and reviewed by the parties.
4. In nonjury trials, Proposed Findings of Fact and Conclusions of Law.
5. In jury trials, Proposed Jury Instructions. These are mandatorily due at the close of all Evidence, but in the interest of efficiency and time conservation, the Court requests that the parties submit draft proposals of jury instructions at or before the trial date. Parties may amend such draft Proposed Jury Instructions until the close of all evidence.

SIGNED this 15th day of March, 2023.

_____
JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE